## HICKS vs. FLUIT.

Where a person in possession of personal property, and those under whom he claims,
have been in the adverse possession thereof during the full period of limitation, he
may have the benefit of such title by limitation in a suit against the original owner,
who has seized the possession thereof, as fully as if such original owner had sued
him for the property.

### Appeal from Columbia Circuit Court.

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for the appellant.

Three years peaceable adverse possession not only takes
away the remedy from the original owner, but invests the pos-
sessor with the absolute property, so as to enable him to recover
it from the original owner, should he come again into posses-
sion. *Blackburn vs. Morton et al.*, 18 *Ark*. 384; *Sims vs. Can-
field's Exrs*. 2 *Ala. n. s.* 561; *Shelby vs. Guy*, 11 *Wheat*. 361;
*Brent vs. Chapman*, 5 *Cranch* 358; *Newby vs. Blakely*, 3 *Hen. &
Mun*. 57.

McCONAUGHEY, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

In the spring of 1853, the defendant bought the horse sued
for, from a Missouri horse trader, and in the fall of 1853, turned
him out in Louisiana with mules and colts. The latter return-
ed, but the horse did not. But about the time this suit was
begun, in March, 1858, the defendant saw the horse grazing
on the commons in Magnolia, and took him into possession, and
the plaintiff replevied him from the defendant.

During all this interval, from the fall of 1853, to March, 1858, the horse had been held in Columbia county by various persons, they claiming, using and trading him as their own, was well known in the county, had been sold under execution two or three owners back of the plaintiff, and the defendant's claim to the horse had never been known or heard of. At the time of the beginning of the suit, the plaintiff had acquired the horse, and was in the habit of allowing him to graze upon the commons in Magnolia. Upon these facts, and upon a demand of the horse before suit, the case was submitted to the court sitting as a jury, which found for the defendant.

The plaintiff contended that the horse having been out of the possession of the defendant long enough to bar an action brought by him for the horse, and having for the same time been in the possession of the plaintiff and others who had held possession of the horse as their own, such adverse possession was a good title to the horse against the defendant, the former owner, and asked the court to so declare the law and apply it to the facts of the case. But the court refused so to declare and apply the law; holding that, though the defendant could not have recovered the horse in suit against the plea of limitations, having obtained possession of him, his former ownership and present possession would prevail against the possessory right of the plaintiff.

The plaintiff excepted, and properly saved the point contained in the foregoing opinion of the court, judgment was given against him and he appealed.

The plaintiff's proposition was correct: the court erred in its exposition of the law.

The possession of the horse in Columbia county must be presumed to be lawful: it was continued for the full term of limitations against any claim the defendant could make; that possession, so continued, became a good title. The horse was in the possession of the plaintiff, when the defendant found him on the commons; that possession was rightful, was legal, and the defendant could not disturb it, more than he could recover

the horse of the plaintiff by suit. *Sadler vs. Sadler*, 16 *Ark.* 642; *Newley vs. Blakey*, 3 *Hen. & Mun.* 61, 63, 66; *Brent vs. Chapman*, 5 *Cranch* 358; *Stanley vs. Earl*, 5 *Littell* 285; *Sims vs. Canfield*, 2 *Ala. N. S.* 563.

Let the judgment be reversed, with instructions to grant a new trial.