## PALMTAG v. ROADHOUSE et al.

### No. 15,018; August 31, 1893.

#### 34 Pac. 111.

**Statute of Limitations—Estoppel to Plead.**—The fact that a mortgagor was the general attorney of the mortgagee in other matters does not make the position of the mortgagor a fiduciary one, or render it anything but adverse to the mortgagor's interest, as far as the mortgage is concerned, so as to estop him to set up the statute of limitations to an action of foreclosure.

**Limitation of Actions—Demurrer.—Under the California Practice,** when all the facts that defendant would be required to prove to sustain his plea of the statute of limitations appear on the face of the complaint, defendant may take advantage thereof by demurrer; but, to uphold a demurrer, the complaint must show, not that the cause of action may be barred, but that it is barred.[1]

---

[1] **Cited** and approved in Gatlin v. Vant, 6 Ind. Ter. 256, 91 S. W. 39, it being said there: "The defense of limitations cannot be raised by demurrer unless it distinctly appears on the face of the complaint that the action is necessarily barred."

Cited and followed in In re R. E. Radke Co., 193 Fed. 738, where a demurrer had been interposed to a petition in involuntary bankruptcy. The business of the company had been buying and selling real estate, holding and renting it, building, etc., and the claim of the petitioners was for labor and materials furnished. The court said: "It is impossible for the court to say that the labor and materials were not furnished within sixty days before the original petition was filed. Therefore, in so far as it rests on this ground, the demurrer must be overruled. To uphold a demurrer for this cause the complaint should show, not that the cause may be barred, but that it is barred."

APPEAL from Superior Court, Monterey County.

Action by Frederika Palmtag against George W. Roadhouse and Emma Roadhouse, his wife, to foreclose a mortgage. From a judgment for defendants, plaintiff appeals. Reversed.

James Hall and Cross & Hall for appellant; S. F. Geil and John J. Wyatt for respondents.

SEARLS, C.—This is an action brought to foreclose a mortgage given by the defendants, George W. Roadhouse and wife, to secure a promissory note for $1,550 and interest, made by said defendants, Roadhouse and wife. The note and mortgage were dated March 25, 1885, and the note was payable to Frederika Palmtag, or order, one year after date. The action was commenced July 9, 1890—as may be seen, more than four years after the maturity of the note. Defendants demurred to the complaint upon the ground, among others, that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure of the state of California. Plaintiff, in her complaint, and with an evident view to avoid the apparent bar of the statute of four years, inserted in her complaint the following statement: "That said defendant George W. Roadhouse is an attorney and counselor at law, and engaged in the practice of law at Salinas City, Monterey county, California, and that plaintiff is a widow woman, residing at Watsonville, Santa Cruz county, California, and that the facts set forth in this paragraph have existed for several years last past. That for about five years last past said defendant George W. Roadhouse has been acting as the attorney and confidential agent for this plaintiff, and plaintiff always had full faith in his honesty and uprightness, and placed implicit confidence in his declarations and advice to her. That at various and sundry times between March 25, 1886, and March 25, 1890, defendant George W. Roadhouse told plaintiff and wrote to plaintiff that she need not trouble herself about that note and mortgage (meaning the note and mortgage set out in this complaint) ; that he would pay it before it outlawed, or words to that effect; and various and sundry other statements of like import, all of which statements plaintiff fully believed and relied upon. That plaintiff is a woman not conversant with

business affairs and matters, and relied implicitly on the aforesaid assertions of her agent and attorney. That defendant George W. Roadhouse was at all times herein mentioned the husband and agent of defendant Emma Roadhouse, and acted in that capacity in all matters pertaining to said note and mortgage. That said defendant Emma Roadhouse, as plaintiff is informed and believes, and therefore alleges, well knew each and every fact set out in this paragraph before March 25, 1890, and agreed thereto and acquiesced therein.'' The demurrer was sustained by the court, and, plaintiff declining to amend, final judgment was entered in favor of defendants, from which judgment the plaintiff appeals.

The doctrine of estoppel, invoked by appellant against the defendants, cannot be maintained. It is not made to appear that George W. Roadhouse occupied any fiduciary relation to plaintiff in the matter of the note and mortgage. His position as to that transaction was adverse to the plaintiff, and the fact that he was her attorney in other matters did not alter his status in this respect; at least, it cannot be presumed to have done so, in the absence of express averments on the subject.

2. The complaint stated facts sufficient to constitute a cause of action, and the demurrer was evidently sustained upon the theory that plaintiff's cause of action was barred by the provisions of section 337 of the Code of Civil Procedure (statute limiting actions to four years). The attempted averment of facts in avoidance of the statute is not explicit and clear, and the complaint would have been open, perhaps, to a demurrer upon the ground that the complaint was ambiguous, unintelligible, or uncertain; but a demurrer to a cause of action, upon the ground that it is barred by the statute of limitations, can only be sustained where the pleading shows it clearly open to objection. To uphold a demurrer for this cause, the complaint should show, not that the cause of action may be barred, but that it is barred. Where, from the pleading, the question is left in doubt, any answer setting up the plea should be resorted to: Farris v. Merritt, 63 Cal. 118; Harmon v. Page, 62 Cal. 448; Smith v. Richmond, 19 Cal. 477; Barringer v. Warden, 12 Cal. 311. At common law the statute of limitations can only be interposed by plea, and could not be urged upon demurrer to the declaration, although apparent upon its face. In equity the rule was that, if all the facts

which a defendant would be required to prove to sustain his plea appeared upon the face of the complaint, the defendant might take advantage of it by demurrer. We have substantially adopted the equitable mode of pleading, and with it the practice of permitting the statute of limitations to be interposed by way of demurrer in a proper case. In the present case I am of the opinion that, admitting all the facts of the complaint to be true, including those defectively pleaded, but not objected to, defendants were not entitled to judgment upon the ground that the plaintiff's complaint showed her demand to be barred by the statute of limitations. It follows that the judgment of the court below should be reversed and the court directed to overrule the demurrer to the complaint, with leave to defendants to answer.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment of the court below is reversed, with directions to overrule the demurrer to the complaint and with leave to defendants to answer.