W. L. BRADFORD V. R. C. BRENNAN AND HATTIE A. BROWN.

(Filed February 5, 1903)

1. **PROMISSORY NOTE—Statute of Limitations—Burden of Proof.**
   Where an action is brought to recover on a promissory note, and,.
   without denying the execution of the note, the defendant pleads
   the statute of limitations, the burden is on the defendant to make
   a prima facie case.

2. **SAME—Evidence—Judgment.** In such a case notwithstanding the
   burden is on the defendant, if the plaintiff introduces a note in
   evidence which shows upon its face that the action is barred by
   the statute of limitations: Held, That the defendant may rest his
   case on the evidence introduced by the plaintiff, and judgment.
   should be rendered in accordance with the evidence.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before
J. P. Allen, Probate Judge, Trial Judge.*

*John H. Wright, J. S. Jenkins* and *J. L., Brown,* for
plaintiff in error.

*Milton & Beaty,* for defendants in error.

On rehearing; reversed and remanded.

Opinion of the court by.

PANCOAST, J.: The opinion in this case affirming the
decision of the court below, was handed down at the June,
1902, term of this court, and within the time given under the
rules a petition for rehearing was filed, together with a mo-
tion to dismiss. On July 18, the motion to dismiss the peti-
tion for rehearing was overruled, and the petition granted.
In the petition for rehearing the plaintiff in error suggests
that this court has overlooked the question of variance be-

tween the note sued on and the note offered in evidence. That one of the defenses set up in the answer was the statute of limitations, and that the note offered in evidence showed upon its face that it had been barred by the statute of limitations five years prior to the commencement of the suit.

The note sued on, a copy of which is set forth as an exhibit to the plaintiff's petition, reads as follows: \

"$216.00    OKLAHOMA CITY, O. T., Jan'y 7, 1896.

"One year after date I promise to pay to the order of Hattie A. Brown, two hundred and sixteen dollars, value received, with 10 per cent interest per annum from date until paid, and in case this note is placed in the hands of an attorney for collection after maturity, I agree to pay 10 per cent of said amount additional as attorney's fee; days of grace waived.
                    "W. L. BRADFORD."

The note offered in evidence, as shown by the case made, reads as follows:

"$216. 00    OKLAHOMA CITY, O. T., Jan'y 7, 1890.

"One year after date I promise to pay to the order of Hattie A. Brown, two hundred and sixteen dollars, value received, with ten per cent interest per annum from date until paid, and in case this note is placed in the hands of an attorney for collection after maturity I agree to pay ten per cent of said amount additional as attorney's fees.
                    . "W. L. BRADFORD."

The court considered these two notes as being one and the same, and that there was simply an error in the date and in the length of time the second note was to run before maturity. The notes are, in other respects, the same. But it is insisted by the plaintiff in error that there was a variance between the note offered in evidence and the note sued on. In

other words, that they are two separate and distinct notes, and that the note offered in evidence had been barred by the statute of limitations for about five years.

From a casual examination of the record, anyone might readily come to the conclusion that the court did, that is, that the two notes were one and the same, there being simply a misdescription in the date, and the words "one day after date" being made to read "one year after date;" but inasmuch as counsel insist that these two notes are not one and the same, but are different notes, and that they are entitled to have the record construed as it reads, this court has examined the record more carefully, and has come to the conclusion that an error was committed in the decision in this case.

One of the defenses was the statute of limitations. The execution of the note sued on, as set out by the exhibit to the plaintiff's petition, was not denied. The plaintiff was under no obligation to offer the note in evidence, and might have rested his case, requiring the defendant to show affirmatively, if he could, that the note was barred by the statute of limitations, that question not appearing upon the face of the record. But the plaintiff did not see fit to rest his case without the introduction of the note, but, on the contrary, introduced the second note in evidence, which, upon its face, was shown to have been barred by the statute of limitations. The evidence having been introduced and the statute of limitations having been pleaded, the court should have instructed the jury in accordance with the evidence. The plaintiff having shown by affirmative evidence that the action was barred, it became unnecessary for the defendant to introduce any evidence, and he had a right to rest his case upon the evidence

before the court and jury. This evidence showing affirmatively that the action was barred by the statute of limitations, the verdict of the jury and the judgment of the court should have been in favor of the defendant.

An effort has been made in this court, by evidence *dehors* the record, to show that the note set forth in the case-made as bearing date January 7, 1890, was not the note offered in evidence, but that, in truth and in fact, the note set forth as an exhibit to the petition was the note offered in evidence. It has been held by this court that a case-made cannot be impeached in this way; that the case-made is a verity, and this court must look to the record for what it contains. If it be true, as a matter of fact, that the figures 1890 should have been 1896, and that the note set forth in the exhibit to the petition was, in fact, the note that was offered in evidence, and that this variance in the record is simply an error of the typewriter, then we have only to say that counsel in making up this record should have been more diligent, and should not have placed in the record an erroneous statement of so vital importance to their case.

We therefore conclude that there was error in the trial of this case in the court below; that, as shown by the record before us, the action was barred by the statute of limitations, and the judgment of the court below should therefore be reversed. If the note sued on was, in fact, the note offered in evidence, and the same is dated 1896 instead of 1890, as shown by the record, this decision will not work a defeat of the plaintiff's action, for when the new trial is had the evidence may not show what it appears to show in the record

before us, and the note, when re-offered, may not show upon its face that it was barred by the statute of limitations.

The judgment announced in the former opinion is set aside and vacated, and the judgment of the court below is reversed, and the cause is remanded with an order that the court grant a new trial in the cause. The former opinion is allowed to remain as the opinion of the court, with the modification as herein shown.

All the Justices concurring.