## GATLIN VS VAUT ET AL.

### Opinion delivered October 27, 1906.

### (91 S. W. Rep. 38).

1. *Actions—Limitation of, How Raised.*

> Under Sec. 4478 Mansf. Dig. (Ind. Ter. St. 1899, Art. 2945), actions for the recovery of personal property must be brought within three years and the defense of limitations cannot be raised by demurrer, unless it distinctly appears on the face of the complaint that the action is necessarily barred.

2. *Same—Limitation of, When it Does Not Run.*

> Under Sec. 4502, Mansf. Dig. (Ind. Ter. Ann. St. 1899, Art. 2969), providing that where a person leaves the country, absconds or conceals himself, or by any other improper act of himself, prevents the commencement of any action specified in said section, such action may be commenced within the time limited after the commencement of such action shall have ceased to be so prevented, a complaint in replevin which does not allege the non existence of any ground for avoiding the bar, but avers that the property was stolen and removed from the jurisdiction of the court, which fact, if established would avoid the bar during such time as the property was concealed, alleges facts avoiding the bar during the time the property was unlawfully concealed.

3. *Same—Limitation of—Right of Purchaser to Plead It.*

> The buyer of stolen property cannot, in his defence in a replevin suit for the same, tack the period of time covering the thief's possession to his possession to make up the three year limitation as provided by statute when the thief does nothing to start the running of said limitation by returning the property or holding it openingly and notoriously so that the owner may assert his title thereto.

4. *Complaint—Sufficiency of as to Limitation of Action.*

> The complaint alleged that the property, which was the subject matter of a replevin suit instituted September 19, 1904, was stolen

March 1, 1901, and defendants came in the possession of said property in November, 1902, but from whom plaintiff was unable to state, is not demurrable on the ground that said action is barred by the three year limitation for the institution of actions for the recovery of personal property.

5. *Pleadings—New Matter in Answer, How Met.*

Every new matter set up in the answer except it be counter-claim or set off, which the plaintiff could have replied to in his replication under the old system he may now reply to be his proof. This does not change the burden of proof.

6. *Same—Evidence—Burden of Proof—Legal Replication.*

The statute enters plaintiff's reply to new matter set up in the answer but where this legal replication, which the law sets up for plaintiff, goes further than a mere denial of the new matter of the answer, and sets up, inferentially, new matter itself, the plaintiff must prove it; and as all matter in avoidance of the statute is new matter to be asserted by the plaintiff, the burden is on him to prove it.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, February 16, 1905.

Action by Fannie Gatlin against A. Vaut and another. From a judgment for defendants, plaintiff appeals. Reversed.

This is an action of replevin, instituted on September 19, 1904, by the appellant, Fannie Gatlin, against the appellees, for the recovery of two mules. The amended complaint is as follows, omitting formal parts: "That on the first day of March, 1901, plaintiff was the owner and in possession of said mules and residing near Foster, in the Chickasaw Nation; that on said date said mules were stolen out of the possession of said plaintiff and driven to the state of Texas, by way of Ardmore, Indian Territory; that plaintiff at once advertised by postal card and public notice the fact that said mules had been stolen.

*   *   *   Plaintiff further states that in the month of November, 1902, the defendants, A. Vaut and Clarence Vaut, came into the possession of the said span of mules at Ft. Worth, in the state of Texas, but from whom plaintiff is unable to state." A demurrer was interposed to the complaint, on the ground that the complaint shows that the plaintiff has been out of possession of the property for more than three years, and does not allege any fraud or concealment on behalf of the defendants, and especially pleading the statute of limitations. At the hearing of the demurrer, the plaintiff admitted that there had been no fraud or improper conduct on the part of the defendants, and the court thereupon sustained the demurrer and entered judgment for the defendants.

J. F. *Sharp*, for appellant.

· J. W. *Hocker* and *Cruce, Cruce & Bleakmore*, for appellees.

CLAYTON, J. (after stating the facts).   The only question presented here is, did the court err in sustaining the demurrer? The demurrer was sustained, on the ground that the complaint affirmatively shows that the plaintiff had been out of possession of the property for more than three years.   Actions for the recovery of personal property must be brought within three years.   Mansf. Dig. § 4478 (Ind. Ter. Ann. St. 1899, § 2945); Ford vs Ford, 22 Ark. 134.   The defense of limitations cannot be raised by demurrer, unless it distinctly appears on the face of the complaint that the action is necessarily barred.   Bank vs Winslow (C. C.) 30 Fed. 488; Trebby vs Simmons (Minn.) 38 N. W. 693; Palmtag vs Roadhouse (Cal.) 34 Pac. 111; Grounds vs Sloan (Tex. Sup.) 11 S. W. 898.   In the case of St. L., I. M. & S. Ry. vs Brown, 49 Ark. 253, 4 S. W. 781, Mr. Chief Justice Cokerill, in delivering the opinion of the court, says:   "The

objection that the action was brought too late could not be taken by demurrer. It has been enacted in at least five of the states that the objection that the action was not commenced within the time limited can only be taken by answer. This was the rule of practice at law in this state prior to the adoption of the Code, though it was otherwise in equity. There is nothing in the Code expressly abolishing this rule, though the old practice in equity now commonly prevails at law in Code States; but this court, following the lead of Kentucky, whence our Code came, declined to apply the equity rule at law unless the complaint should show, not only that sufficient time has elapsed to bar the action, but also the nonexistence of any ground for avoiding the statute bar." As before stated, replevin must be brought within three years. But section 4502, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2969), provides: "If any person by leaving the county, absconding or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited after the commencement of such action shall have ceased to be so prevented."

The complaint not only does not allege the nonexistence of any ground for avoiding the bar, but avers that the property was stolen and removed from the jurisdiction of the court, which fact, if established, would avoid the bar during such time as the property was unlawfully concealed. Wood, Limitations, § 249. The reported cases involving the question here raised are few; and none, so far as we have been able to find, are exactly in point. In all of them where the statute has been held to bar a recovery, the defendant (or the defendant and his grantors) was shown to have been in the peaceable, open, and notorious possession of the property for the time named by the statute. In none of them was it held that the thief's possession, especially

where he secreted the property, could be tacked to that of the defendant in order to complete the bar. We do not mean to suggest that a thief could not, in any event, plead the statute in replevin. If he had held the property openly and notoriously in the community where the larceny occurred, he could undoubtedly do so, not so much because he was entitled to the protection afforded by the statute, but because of the laches of the plaintiff. But where he conceals the property, and removes both it and his person from the jurisdiction of the court, and so long as such acts continue, as against him the running of the statute is certainly suspended. And this principle instead of being denied by the cases relied upon by appellees, is expressly upheld. The case of Wells vs Halpin, 59 Mo. 92, so confidently cited by appellees, and the former adjudications of the Supreme Court of Missouri upon which that case rests, are to the effect that mere ignorance upon the part of the plaintiff will not suspend the statute, but it must appear that there was some concealment or improper act of the defendant. This is undoubtedly correct. The statute says that if any person, by any improper act of his own, prevents the bringing of an action, the statute shall not operate, until such act ceases. And where a person innocently obtains stolen property, it will require some active act of concealment or fraud on his part to further suspend the statute. The fraud and improper conduct on the part of the thief under such circumstances is not imputed to him, but he must actually have participated in it. And in this case, if it had appeared from the pleadings that the defendant had been in possession of the property for more than three years, and that there had been no concealment or fraud on his part, the plaintiff could not recover. But the complaint, coupled with the admission of the plaintiff at the hearing, that no fraud or concealment was charged against the defendants, only negatives the existence of facts, which would avoid the bar during the time the defendants had possession, to wit, from November 1, 1902,

which is less than three years before the commencement of the action.

The Supreme Court of Utah, in Dee vs Hyland, 3 Pac. 388, held that the plaintiff's action was barred, because the defendant, although having obtained possession of stolen property, had been in such possession openly and notoriously for more than three years. In Hicks vs Fluit, 21 Ark. 463, the only claim was lack of knowledge of the whereabouts of the property, and no concealment or improper conduct was charged. In further support of the doctrine here announced, we quote from the language of Mr. Justice Miller, in Bailey vs Glover, 88 U. S. 342, 22 L. Ed. 636, as follows: "They (statutes of limitation) were enacted to prevent frauds; to prevent parties from asserting rights after the lapse of time had destroyed or impaired the evidence which would show that such rights never existed or had been satisfied, transferred or extinguished if they ever did exist. To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure." We therefore hold that the statute of limitations as to personal property in the hands of a thief who has removed it from the vicinity of the owner or secreted it from him does not begin to run until he returns the property to that vicinity, or openly and notoriously holds it, so that the owner may have a reasonable opportunity of knowing its whereabouts and of asserting his title. And when he does this, the statute begins to run, although the proof may show it to have been stolen property, not on the theory that the thief is to be protected, but because of the laches of the owner in not asserting his title for so long a period as the statute gives him. A grantor can convey no better title than he has himself; and

if the statute has not begun to run, his grantee can claim nothing by virtue of his possession. If the thief, after having concealed the property, has done nothing in relation to it to start the statute in his favor, his grantee cannot tack the ·thief's possession, or any part of it, to fill out his unexpired time. It is otherwise if the statute began to run while the property was in the hands of the thief. Then the purchaser may tack to his unexpired time, the time the property was in the thief's possession after the statute began to run. If the statute did not begin to run while the property was in the possession of the thief, and if it were bought by an innocent purchaser, it commenced at the time the purchaser took possession by virtue of the sale. And if the buyer be not an innocent purchaser, if he knew it to be stolen property, he was but the receiver of stolen property, and the statute would not begin to run as to him until he should have done with it what a thief is required to do in order to bring it within the operation of the statute.

The demurrer admits that the property was stolen; that but for the statute the title and right of possession is in the plaintiff; that the defendant has not been in possession of it himself long enough to satisfy the provision of the statute. Whether he bought from the thief or some other person, and if from the thief whether or not he had done the things necessary to start the statute, does not appear; and, therefore, the complaint does not allege a case within the statute; and it is the law that the statute of limitations is defensive, and when from the complaint it does not appear that the suit is barred, the defendant must plead it. 1 Wood, Limitations, § 7, and cases cited. It is true that by the common-law pleading when the statute has been pleaded by the defendant, the plaintiff, if he relies upon matters in avoidance of its operation, must reply thereto, and set up new matters in his replication; and the burden of proof would be on him to establish them. 1 Wood on

Limitations, § 7. But in order that he may have an opportunity to reply, the defendant must first plead the statute, or he waives it, unless, as heretofore shown, the complaint on its face shows, not only that the time has elapsed; but that the special things which would take it out of the statute do not exist. And this is because it would not be necessary for the plaintiff to state these exceptions until it was known by the defendant's answer that he intended to rely on the statute.

Under our pleadings, when the statute is set up by the answer, it being neither a set-off nor a counterclaim, no reply is allowed. But as said by us in the case of Sass & Crawford vs Thomas (decided at the present term) 89 S. W. 656: "Every new matter set up in the answer except it be counterclaim or set-off, which the plaintiff could have replied to by his replication under the old system he may now reply to by his proof." And this does not change the burden of proof. The statute enters the plaintiff's reply to new matter set up in the answer, but where this legal replication goes further than a mere denial of the new matter of the answer, and sets up, inferentially, new matter itself, the plaintiff must prove it; that is, the burden is upon the defendant to prove all new matter set up in the answer and it is upon the plaintiff to prove all new matter inferentially set up in the replication which the law pleads for him, and as all matter in avoidance of the statute is new matter to be asserted by the plaintiff, the burden is on him to prove it. But before the law steps in and files this replication for him, there must be something to reply to; and unless an answer is filed, the statute of limitations is waived, unless the complaint is so worded that, although it may show that the property has been out of the plaintiff's possession for the prescribed time, none of the exceptions of the statute which avoids its operation exists. This complaint does not show it, but on the contrary it leaves a strong inference that one of the provisions, at least, of the

statute, which avoids the effect of being out of possession for a period of three years, does exist. And therefore the demurrer should have been overruled, and the defendants required to file answer, or judgment entered for plaintiff.

. For the error above specified, the judgment of the court below is reversed, and the cause remanded, with directions to overrule the demurrer, and proceed in accordance with this opinion.

GILL, J., concurs.   RAYMOND, C. J., not participating.