## SHELBY v. SHANER.

No. 639.   Opinion Filed May 9, 1911.

(115 Pac. 785.)

1.   **LIMITATION OF ACTIONS—Recovery of Personalty.** Under section 3550, Compiled Laws of Oklahoma 1909 (Sess. Laws 1895, p. 183; section 4216, Wilson's Rev. & Ann. Stat. 1903), actions for the specific recovery of personal property are required to be brought within two years.

2.   **SAME—Stolen Personalty.** The statute of limitations as to personal property, though stolen, when held in good faith for value, openly and notoriously, runs in favor of such adverse possession so as to bar a recovery by the true owner after the expiration of two years.   After the statute of limitations begins to run, such subsequent purchaser may tack on such prior adverse holding in order to complete the bar.

3.   **APPEAL AND ERROR—Reservation of Grounds of Review— General Exception to Instructions.** It is a settled rule that a general exception to a charge of the court containing several dist'nct instructions, some of which are unobjectionable, will not be available as error.

(Syllabus by the Court.)

*Error from Kingfisher County Court; John M. Graham, Judge.*

Action by I. N. Shelby against John Shaner.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Nagle & Blair,* for plaintiff in error.
*F. L. Boynton,* for defendant in error.

WILLIAMS, J.   On the 22d day of August, 1907, the plaintiff in error as plaintiff commenced an action in replevin against the defendant in error as defendant for the recovery of one black mare and one colt.   Defendant answered by a general denial, and, in effect, further, that one Frank Wilkinson purchased the property in question from a party in possession thereof, claiming to own the same, for value, in good faith, and without notice of defective title existing, and that said Wilkinson's claim of ownership having been open and notorious, and, having held it for more than

a period of two years, he sold the same to one John Themer for value and in good faith, who held the possession of same openly and notoriously, and who, in turn, sold the same to the defendant for value and in good faith; wherefore plaintiff's action, if any he ever had, is barred by the statute of limitations.

The statute of limitations was, in different phraseology, pleaded in paragraphs 2, 3, 4, 5, and 6 of said answer. The plaintiff separately demurred to each of said paragraphs, contending that the statute of limitations did not begin to run against the owner until after the discovery or the knowledge of said animal and demand for possession.

In *Gatlin v. Vaut et al.*, 6 Ind. T. 254, 91 S. W. 38, it is said:

"The reported cases involving the question here raised are few; and none, so far as we have been able to find, are exactly in point. In all of them where the statute has been held to bar a recovery, the defendant (or the defendant and his grantors) was shown to have been in the peaceable, open, and notorious possession of the property for the time named by the statute. In none of them was it held that the thief's possession, especially where he secreted the property, could be tacked to that of the defendant in order to complete the bar. We do not mean to suggest that a thief could not in any event plead the statute in replevin. If he had held the property openly and notoriously in the community where the larceny occurred, he could undoubtedly do so, not so much because he was entitled to the protection afforded by the statute, but because of the laches to the plaintiff. But where he conceals the property, and removes both it and his person from the jurisdiction of the court, and so long as such acts continue as against him, the running of the statute is certainly suspended. * * * We therefore hold that the statute of limitations as to personal property in the hands of a thief who has removed it from the vicinity of the owner or secreted it from him does not begin to run until he returns the property to the vicinity, or openly and notoriously holds it, so that the owner may have a reasonable opportunity of knowing its whereabouts and of asserting his title. And, when he does this, the statute begins to run, although the proof may show it to have been stolen property, not on the theory that the thief is to be protected, but because of the laches of the owner in not asserting his title for so long a period as the statute gives him. A grantor can convey no better title than he has him-

self. If the statute has not begun to run, his grantee can claim nothing by virtue of his possession. If the thief, after having concealed the property, has done nothing in relation to it to start the statute in his favor, his grantee cannot tack the thief's possession, or any part of it, to fill out his unexpired time. It is otherwise if the statute began to run while the property was in the hands of the thief. Then the purchaser may tack to his unexpired time the time the property was in the thief's possession after the statute began to run. If the statute did not begin to run while the property was in the possession of the thief, and if it were bought by an innocent purchaser, it commenced at the time the purchaser took possession by virtue of the sale. And if the buyer be not an innocent purchaser, if he knew it to be stolen property, he was but the receiver of stolen property, and the statute would not begin to run as to him until he should have done with it what a thief is required to do in order to bring it within the operation of the statute."

See, also, *Dee v. Hyland,* 3 Utah, 308, 3 Pac. 388; *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518; *Leavitt v. Shook,* 47 Or. 239, 83 Pac. 391; *Wells v. Halpin,* 59 Mo. 92; *Smith, Adm'r, v. Newby,* 13 Mo. 159; *Yore v. Murphy,* 18 Mont. 342, 45 Pac. 217; *Fears v. Sykes,* 35 Miss. 633; *Cochfield v. Hudson,* 2 Bay (S. C.) 425; *Simons v. Fox,* 12 Rich. (S. C.) 392. The demurrer to the different paragraphs of defendant's answer was properly overruled.

Instruction No. 12 was given at the instance of the plaintiff; the other 11 at the request of the defendant. The record recites, "Which instructions were duly excepted to by the plaintiff." Some of said instructions are at least unobjectionable. It is a settled rule that a general exception to a charge of the court containing a great many distinct instructions, some of which are unobjectionable, will not be available as error. *A. B. Farquhar Co., Ltd., v. Sherman et al.,* 22 Okla. 17, 97 Pac. 565; *McCabe et al. v. Wilson,* 17 Okla. 355, 87 Pac. 320; *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944.

The judgment of the lower court is affirmed.

All the Justices concur.