## McGEHEE v. ALEXANDER.

No. 1892.   Opinion Filed October 22, 1912.

(127 Pac. 480.)

**LIMITATION OF ACTIONS—Bona Fide Purchaser—Stolen Property.**
The statute of limitations (Mansf. Dig. sec. 4478, Ind. T. Ann. St. 1899, sec. 2945) as to personal property stolen begins to run in favor of an innocent purchaser for value and against the true owner from the time the property is bought and taken possession of by the purchaser, and the bar falls when the same is by him held openly and notoriously for three years.

(Syllabus by the Court.)

*Error from Stephens County Court;*
*W. H. Admire, Judge.*

Action by J. W. McGehee against Lynn Alexander. Judgment for defendant, and plaintiff brings error. Affirmed.

*Gilbert & Bond,* for plaintiff in error.

*Womack & Brown,* for defendant in error.

TURNER, C. J. This is an action in replevin for the possession of a mare. There was judgment for defendant in the county court, and plaintiff brings the case here. From the agreed statement of facts it appears that in the year 1900 the plaintiff McGehee was the owner of the mare in controversy; that at that time he was living three miles northeast of Davis in what was then Indian Territory; that the mare was stolen from him some time during that year; that, after making diligent search for her, he failed to find her; that he never knew of her whereabouts until he discovered her in the possession of the defendant Alexander ten miles northeast of Duncan in August, 1909; that since she was stolen the mare had never returned to the neighborhood from where she was taken; that Alexander bought her from one Porter, who lived about eleven miles northeast of Duncan, about November 1, 1907, for value and in good faith; that since then Alexander had held her openly and notoriously in his possession at the place where plaintiff found her and was uninformed of any claim of plaintiff to her until in July, 1909; that Porter bought her for value and in good faith in September, 1904, from one Davis, who held her openly and notoriously and claimed her as his property. Davis also lived eleven miles northeast of Duncan at the time he sold the mare to Porter.

It is assigned that the court erred in holding that the statute of limitations began to run against the plaintiff as soon as the animal passed into the possession of Porter, and that this action was barred at the time defendant bought her from Porter. Not so. At that time Mansf. Dig. of the Laws of Ark., sec. 4478, Ind. T. Ann. St. 1899, sec. 2945, was in force in that jurisdiction. It reads:

"The following actions shall be commenced within three years after the cause of action shall accrue, and not after. * * * Third. All actions for taking or injuring any goods or chattels."

In *Vaut et al. v. Gatlin,* 31 Okla. 394, 120 Pac. 273, we held that this statute, as to personal property stolen, begins to run in favor of an innocent purchaser for value and against the true owner from the time the property is bought and taken possession of by the purchaser and that the bar falls when the same is by him held openly and notoriously for three years. The law in that case governs here. See, also, *Shelby v. Shaner,* 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621.

The judgment of the trial court is affirmed.

All the Justices concur.