## TORREY v. CAMPBELL.

No. 9309—Opinion Filed Oct. 8, 1918.

(175 Pac. 524.)

**1. Limitation of Actions—Specific Recovery of Personal Property.**

Under section 4657, subd. 3, Rev. Laws 1910, actions for the specific recovery of personal property are required to be brought within 2 years.

**2. Same — Accrual of Right of Action — Stolen or Lost Property.**

The statute of limitations, as to lost personal property, or personal property in the hands of a thief, begins to run from the time of the wrongful taking or possession, provided there is no fraud or attempt at concealment, or removal from the jurisdiction of the court.

**3. Same.**

When lost personal property, or personal property that has been stolen, is held in open and notorious possession by the party in whose possession it is found, for a period of 2 years from the date of the wrongful taking or wrongful possession, the right of action therefor by the original owner is barred by limitation.

**4. Limitation of Actions — Pleading—Defense—Burden of Proof.**

While the statute of limitation is an affirmative defense, that must be pleaded and proved by the party asserting or claiming it, yet there is a well-defined exception to this rule. When the petition or bill of particulars shows that the cause of action asserted is barred by the statute of limitation applicable to the particular cause of action set up, and the statute of limitation is pleaded as a defense thereto, the burden is on plaintiff to plead and prove facts relieving such action from the bar of the statute of limitation.

(Syllabus by Davis, C.)

Error from County Court, Osage County; Elmer J. Black, Judge.

Action by Emma Torrey against W. E. Campbell. Judgment for defendant, and plaintiff brings error. Affirmed.

George S. Hill, for plaintiff in error.

C. C. Julian and J. L. Barnes, for defendant in error.

Opinion by DAVIS, C. This is an appeal from a judgment of the county court of Osage county, Okla., in favor of defendant in error, hereinafter referred to as defendant, and against plaintiff in error, hereafter referred to as plaintiff. In September, 1911, plaintiff was the owner of a Jersey heifer about eight months old, and in the month of September, 1911, plaintiff took said heifer to a ranch owned by P. M. House, and left her there for the purpose of pasture. Some time in November, 1911, the heifer disappeared from the pasture, and her whereabouts was unknown to plaintiff until July, 1916, when plaintiff found her in the pasture of defendant. Plaintiff made demand for the possession of said cow, and on a refusal of defendant to comply therewith the instant action was instituted before a justice of the peace of Osage county to recover the possession thereof. Judgment was rendered in the justice court for plaintiff, and an appeal was taken by defendant to the county court. Defendant pleaded the statute of limitation, and at the conclusion of the evidence adduced by plaintiff a demurrer to the sufficiency of the evidence was interposed. The demurrer was sustained, and judgment rendered in favor of defendant. A motion for a new trial was filed and overruled, and from the action of the court in overruling this motion an appeal is prosecuted to this court.

There is but one question that presents itself in this case for determination. Was the action barred by the statute of limitations? It is urged by counsel for the defendant that the property in question was held in open and notorious possession by the defendant for more than 2 years, and that by reason thereof the plaintiff's cause of action is barred. The evidence discloses that plaintiff was residing at Bartlesville, Okla., in 1911; that the pasture of Mr. House is located about three miles northwest of Bartlesville, Okla., in Osage county; that the plaintiff, a short time after taking the cow in question to the pasture of Mr. House, removed to Electra, Tex., and resided there for a period of 18 months, at the expiration of which time she returned to Bartlesville. Okla. A short time after the heifer disappeared Mr. House notified plaintiff, and it appears that Mr. House had an advertisement run in a paper at Bartlesville, stating that said heifer had disappeared from his pasture. Plaintiff made no search for the heifer until the expiration of the 18 months, at which time she returned to Bartlesville, Okla., and had her husband make an attempt to locate the property.

In July, 1916, plaintiff was informed that her cow was in the pasture of the defendant. In response to this information she went to the ranch owned by defendant, made inquiry of the man in charge of the ranch, and at her request the man in charge of the ranch drove the cow to the house, where she was inspected by plaintiff and identified as her property. Plaintiff made demand on defendant for the possession of the cow, and on a refusal to surrender the possession this action was instituted. The evidence discloses that, at the time that the plaintiff went to the ranch for the purpose of finding out whether or not the cow in question was her property, the cow was found in the lot or pasture running with the other cows. The ranch of Mr. Campbell is located in Osage county, six or seven miles from Ochelata, and is about a quarter of a mile from a public highway. It appears that the husband of plaintiff did not go in this particular locality when looking for the lost cow, and plaintiff obtained her information as to the whereabouts of her property from Mr. House, and Mr. House was informed by Mr. Sturm, one of the plaintiff's witnesses, that the long lost cow was on the ranch of defendant.

At the close of the plaintiff's testimony a demurrer was interposed by the defendant, on the ground and for the reason that the evidence offered by plaintiff affirmatively showed that the cause of action was barred by the 2-year statute of limitations, in that it did not accrue within 2 years next preceding the institution of the suit. This question has been before this court a number of times for determination, and it has been uniformly held that the two-year statute of limitation is applicable to an action for the recovery of stolen property, where the property is held in open and notorious possession and within the jurisdiction of the court.

The first case before this court was the case of Vaut et al. v. Gatlin, 31 Okla. 394, 120 Pac. 273. This case arose before statehood, and was before the Court of Appeals of the Indian Territory. The decision rendered by the Court of Appeals of Indian Territory is reported in Gatlin v. Vaut, 6 Ind. T. 254, 91 S. W. 38. The case was reversed by the Court of Appeals of Indian Territory,

and was subsequently brought before this court for determination. On March 1, 1901, Mrs. Fannie Gatlin lost two mules, which were stolen from her near Ireton, in what is now McClain county. In 1904 the mules were found in the possession of Mr. Vaut, and a replevin action was begun for the possession thereof. In November, 1902, Mr. Vaut bought the mules in question from a man in Ft Worth, Tex., and the next month brought them to Mayesville, Okla., at which place Mrs. Gatlin located them. Defendant pleaded the statute of limitation, and this court held, in an opinion by Judge Turner, that the action was not barred, for the reason that limitation did not begin to run until the mules were brought into the state of Oklahoma, in December, 1902, and the action was begun in September, 1904, less than two years after the property was brought into the jurisdiction of the courts of this state. The rule announced in case of Gatlin v. Vaut, 6 Ind. T. 254, 91 S. W. 38, was quoted with approval. That part of the opinion which is pertinent to the facts in this case is as follows:

"The reported cases involving the question here raised are few; and none, so far as we have been able to find, are exactly in point. In all of them, where the statute has been held to bar a recovery, the defendant (or the defendant and his guarantors) was shown to have been in the peaceable, open, and notorious possession of the property for the time named by the statute. In none of them was it held that the thief's possession, especially where he secreted the property, could be tacked to that of the defendant, in order to complete the bar. We do not mean to suggest that a thief could not, in any event, plead the statute in replevin. If he had held the property openly and notoriously in the community where the larceny occurred, he could undoubtedly do so, not so much because he was entitled to the protection afforded by the statute, but because of the laches of the plaintiff. But where he conceals the property, and removes both it and his person from the jurisdiction of the court, and, so long as such acts continue, as against him, the running of the statute is certainly suspended."

The rule announced in Gatlin v. Vaut, supra, has been followed in all the cases decided subsequent thereto. Shelby v. Shaner, 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 671; McGehee v. Alexander, 33 Okla. 699, 127 Pac. 480. In the case of Adams et al. v. Coon, 36 Okla. 644, 129 Pac. 851, 44 L. R. A. (N. S.) 624, this question was before the court for consideration, and Commissioner Robertson, speaking for the court, stated the rule as follows:

"As a general proposition, the statute of limitations, as to replevin actions for the recovery of lost or stolen property, begins to run from the time of the wrongful taking or possession, and not from the time when plaintiff first had knowledge thereof, if there was no fraud or attempt at concealment; and if such fraud or concealment exists, it must, in order to avail plaintiff, be the act of defendant himself." 34 Cyc. 1423.

The case of Adams et al. v. Coon, supra, is in all material aspects the same as the case at bar, and the rule applied in said case is applicable to the present action.

We are thoroughly convinced from a reading of the record that the defendant herein did not pay an adequate consideration for the cow in question. The only testimony is that offered by the plaintiff that the defendant traded a man by the name of Harrington a pair of spurs for the heifer. While the exact nature and value of the spurs is not disclosed in the testimony, we are not warranted in assuming that they possessed such an intrinsic value as would constitute them an adequate consideration for a 10 months old Jersey heifer, and in considering this record we have ignored the testimony in reference to this sale, and have viewed it from the aspect that it would be viewed if Campbell had himself stolen the property; but, even viewing the record in this light, the evidence discloses that the cow was held in open and notorious possession by Campbell on his farm in the same county in which Mr. House's pasture was located. It further appears that the cow in question had several distinguishing marks which enabled her to be identified by the owner or any one else familiar with the marks in question. It cannot be presumed from this record that the defendant ever removed the cow in question from the jurisdiction of Osage county, or that he ever attempted to conceal her whereabouts, for it affirmatively appears that he did not remove her or conceal her, so as to prevent the owner from ascertaining her whereabouts. We are therefore of the opinion that the facts in this case bring it squarely within the rule announced in the case of Gatlin v. Vaut et al., supra.

It is urged by counsel for plaintiff in this case that the court was not warranted in sustaining a demurrer to the evidence of plaintiff for the reason that limitation is an affirmative defense and must be proven by the party interposing it. The contention made by counsel for plaintiff is true as a general proposition of law, but there is a well-defined exception to this rule, which is that, where a petition or bill of particulars shows on its face that more than 2 years

have elapsed since the cause of action accrued and the answer sets up the statute of limitation, the burden is on the plaintiff to show, if possible, that the running of the statute has been suspended, where a period of 2 years constituted a bar to the action. In the instant case the bill of particulars filed by plaintiff is as follows:

"Plaintiff, further complaining, states: That on or about the ——— day of September, 1911, the following described cow, when but 10 months old, was left by her in the possession of Perry House, to care and keep for her, and that said cow, which was then about 10 months old, disappeared, she either having been stolen or strayed from the premises of Perry House in Osage county. That after diligent search for said heifer, which is now described as a yellow Jersey cow, 5 years old in March, 1916, marked with dark hair on knees and with wire cut scar in left flank, this plaintiff was unable to find or locate said cow or heifer, and did not hear or learn anything of the whereabouts of said cow until about 2 months prior to the date of this petition, when plaintiff ascertained the fact that said cow was in the possession of the defendant above named; that she went to home of the defendant, there found her cow as hereinabove described, and made demand upon the defendant for the possession of said cow, which possession said defendant refused to give."

To the foregoing bill of particulars a written answer was filed, in which the 2-year statute of limitation was specifically pleaded. It will be seen from the foregoing bill of particulars that the cause of action accrued in 1911, and that this action was instituted in 1916. There is no pleading or allegation in the bill of particulars that shows that the statute of limitation was ever suspended. Was the court warranted in sustaining a demurrer to the evidence offered by plaintiff in this case? This question was passed on in the case of Bradford v. Brennan et al., 12 Okla. 333, 71 Pac. 655. In this case an action was instituted on a note for the sum of $216. At the trial of the cause plaintiff introduced the note in evidence, which showed on its face that it was barred by the statute of limitations. At the close of the evidence a demurrer was interposed, which was by the court sustained. The court, in speaking of the question as to the burden of proof, stated the following rule:

"One of the defenses was the statute of limitations. The execution of the note sued on, as set out by the exhibit to the plaintiff's petition, was not denied. The plaintiff was under no obligation to offer the note in evidence, and might have rested his case, requiring the defendant to show affirmatively if he could, that the note was barred by the statute of limitations, that question not appearing upon the face of the record. But the plaintiff did not see fit to rest his case without the introduction of the note, but, on the contrary, introduced the second note in evidence, which, upon its face, was shown to have been barred by the statute of limitations. The evidence having been introduced and the statute of limitations having been pleaded, the court should have instructed the jury in accordance with the evidence. The plaintiff having shown by affirmative evidence that the action was barred, it became unnecessary for the defendant to introduce any evidence, and he had a right to rest his case upon the evidence before the court and jury. This evidence showing affirmatively that the action was barred by the statute of limitations, the verdict of the jury and the judgment of the court should have been in favor of the defendant."

In the instant case the bill of particulars shows upon its face that the cause of action accrued more than 2 years prior to the institution of this suit. The plaintiff's evidence also showed that the cause of action accrued in November, 1911. The statute of limitations having been pleaded, and the pleadings and evidence being in this condition, it was the duty of the court to direct a verdict, in the absence of any showing on the part of the plaintiff that the statute of limitation had been suspended. It was not incumbent on plaintiff to aver that said cause of action arose in 1911. All that was necessary was to show that defendant had possession of the property in question, and that his possession was wrongful, and that the plaintiff was entitled to the immediate possession thereof; but plaintiff went further, and stated a cause of action which is shown by the pleadings to have been barred long prior to the time the suit was instituted.

The rule announced in the case of Bradford v. Brennan, supra, was adhered to in the case of Shaw v. Dickinson, 65 Okla. 186, 164 Pac. 1150, wherein plaintiff was seeking to recover on a promissory note, which showed on its face that it was barred by the statute of limitations of this state. Plaintiff pleaded that the note was executed in the state of Ohio, and that the limitations prescribed by the laws of Ohio was 15 years. At the close of the evidence offered by plaintiff, a demurrer was interposed on his demurrer, and appealed to this court. In an opinion written by Commissioner Rummons, the rule applicable to the burden of proof in such a case was stated as follows:

"It seems clear that in this case the petition of the plaintiff shows on its face that his cause of action was barred by our statutes of limitation, and, defendant having pleaded such a bar, it was incumbent on

plaintiff to plead and prove facts sufficient to take his cause of action out of the * * * statute. * * * The petition of the plaintiff and his evidence only shows that the defendant executed the note in Ohio and resided in Ohio until he came to Oklahoma. Neither the petition nor the evidence of plaintiff were sufficient to show that defendant had not been in Oklahoma more than 5 years before the commencement of this action; and upon the authority of Vanselous v. McClellan, supra [157 Pac. 923], this was insufficient to establish his cause of action. The trial court therefore erred in overruling the demurrer of the defendant to the evidence." Vanselous v. McClellan, 57 Okla. 742, 157 Pac. 923.

We therefore deduce the rule to be in this state that when a plaintiff states a cause of action, which is shown by the petition or bill of particulars to be barred by the statute of limitation applicable to such a cause of action, and the defendant interposes a plea of the statute of limitation, the burden is on the plaintiff to plead and prove facts relieving such action from the bar of the statute of limitation. In the case of Mason v. Henry, 152 N. Y. 529, 46 N. E. 837, this question was before the Court of Appeals of New York, and Judge Gray, speaking for the court, stated the following rule:

"The only other point which it is necessary to notice upon this appeal is that which is made by the appellant, that there is no finding of fact or of law upon which the claim that this action is barred by the 6-year statute of limitations can be supported. The appellant argues that the burden was upon the defendants, who interposed the defense of the statute, to show that the action was not commenced within 6 years after the cause of action accrued, and, as it would not accrue until the discovery of the fraud, a finding was necessary, to help out the defense that such a discovery was made prior to the appointment of the receiver, in March, 1877. The provision of the former Code, that the cause of action should not be deemed to have accrued until the discovery of the fraud, was, however, only applicable to the cases theretofore solely cognizable in chancery. But the answer to the point made by the appellant is that, as the answer sets up the statute of limitations, the burden was thereby placed upon the plaintiff of proving that the fraud was not discovered until within 6 years of the commencement of the action. If this were not so, the defendant would have to prove a knowledge in the plaintiff, which, in most cases, would be impossible. The burden of showing that the running of the statute had been arrested ought to be upon the plaintiff, as was the rule in equity. A carefully considered opinion in Baldwin v. Martin, 14 Abb. Prac. (N. S.) 9, discusses this question quite thoroughly. In the complaint in the present case it appears upon its face that more than 6 years had elapsed since the misapplication of the funds of the Widow and Orphans' reserve occurred. When the answer made the special plea of the statute of limitations, it became incumbent upon the plaintiff to repel the presumption of the action being barred by showing matter in avoidance. The burden was upon the plaintiff to show in what way the running of the statute had been suspended. The views expressed lead to the conclusion that the order appealed from should be affirmed, and that judgment absolute should be ordered against the plaintiff pursuant to his stipulation."

This rule seems to be the one enforced in a large majority of the states. Simpson v. Brown-Desnoyers Shoe Co., 70 Ark. 598, 70 S. W. 305; Paine v. Dodds, 14 N. D. 189, 103 N. W. 931. 116 Am. St. Rep. 674; Dielmann v. Citizens' National Bank, 8 S. D. 263, 66 N. W. 311; Capen v. Woodrow, 51 Vt. 106. The contention of the counsel for plaintiff must, under the condition of record in this case and the evidence, be denied.

We therefore recommend that the judgment of the county court of Osage county be affirmed.

By the Court: It is so ordered.