WHITNEY v. DOYLE, Adm'r.

No. 31686. May 15, 1945.

Rehearing Denied June 5, 1945.

*159 P. 2d 237.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

John F. Butler and V. J. Bodovitz, both of Oklahoma City, for defendant in error.

CORN, J.   This action was commenced in the district court of Oklahoma county by Bill Doyle, administrator of the estate of Sidney A. Doyle, deceased, against J. A. Doyle, W. N. Stokes, E. W. Whitney, and V. V. Harris, receiver, to recover balance due on a promissory note.  The issues were tried to a jury, resulting in a verdict for the plaintiff against the defendant E. W. Whitney in the sum of $2,500, upon which the court rendered judgment, and from which said defendant brought this appeal.  For convenience the parties will be referred to herein in the order of their appearance in the trial court.

The defendant first contends that the court never acquired jurisdiction in the case.  He claims his residence at the time was in Seminole county, where he was served with summons, and that his codefendant, J. A. Doyle, who was served in Oklahoma county while attending court as a witness, was also a resident of Seminole county.  Both of these defendants filed special appearances and motions to quash, claiming exemption of Doyle from service in Oklahoma county.  These motions were overruled for the reason that Doyle was attending court in Oklahoma county voluntarily and not under process.  However, at a later date alias summons was served on the defendant Doyle while he was in Oklahoma county on other business, which removes that question from consideration.  Clark v. Willis, 44 Okla. 303, 144 P. 587.

It is next contended by the defendant that the venue of an action on a note which has been transferred from the original payee is in the county where the original maker resides.

This proposition involves the question of lack of jurisdiction by virtue of the transfer of the note by operation of law by reason of the death of Sidney Doyle, original payee of the note, where his administrator brought the action. The exception is 12 O. S. A. § 139, containing the provision that actions against makers of notes, claims or other indebtedness, which have been assigned, sold, or transferred from the original payee or obligee, can only be brought in the county in which said maker, or some of the original makers, reside, does not apply to a situation of this kind. It is the obvious purpose of this provision of the statutes to prevent fraudulent casting of the venue by a payee, residing in a different county from the maker, by transfer of the note to another in the county where payee resides, and having the transferee file suit in that county, alleging joint liability of the maker and payee in order to fix the venue in the county of his residence for his own convenience. A transfer by operation of law would necessarily be free from fraudulent design.

It is also contended that the court erred in refusing to admit evidence and in refusing requested instruction concerning a former appeal to this court wherein it was found that the plaintiff admitted $3,000 in credits on the note, upon the theory that this court's decision was res judicata as to such credits. Granting that it is determinative of the admitted fact, the force of the contention vanishes in view of the fact that the defendant reproduced the testimony from the record in the former case concerning these admitted credits, and from all the evidence in the record there is no reason to conjecture that the jury failed to take them into consideration in determining the balance due on the note.

It is further contended that the burden was on the plaintiff to prove the timely filing of a prior action involving the same cause of action, its dismissal or failure after statute of limitations, and refiling of the same cause of action within one year.

This proposition presents a close question involving three propositions of law:

1. The burden of proving bar by limitation pleaded as an affirmative defense is on the one asserting it. Warner v. Wickizer et al., 146 Okla. 232, 294 P. 130; Preston et al. v. Hockady Hdwe. Co., 137 Okla. 283, 279 P. 332; Bayer v. Gamblin et al., 130 Okla. 82, 265 P. 650; Hall et al. v. Smith, 126 Okla. 206, 259 P. 537; Beamer et al. v. Key et al., 114 Okla. 276, 246 P. 628.

2. While the statutes of limitation is an affirmative defense, that must be pleaded and proved by the party asserting or claiming it, yet there is a well defined exception to this rule. When the petition or bill of particulars shows that the cause of action asserted is barred by the statute of limitation applicable to the particular cause of action set up, and the statute of limitation is pleaded as a defense thereto, the burden is on the plaintiff to plead and prove facts relieving such action from the bar of the statute of limitation. Torrey v. Campbell, 73 Okla. 201, 175 P. 524; Theis v. Board of County Com'rs of Beaver County, 22 Okla. 333, 97 P. 973; Owens et al. v. Clark, 154 Okla. 108, 6 P. (2d) 755.

3. Where, in an action on a note, defendant pleads limitations, without denying the execution of the note, the burden is on him to make a prima facie case. W. L. Bradford v. R. C. Brennan & Hattie A. Brown, 12 Okla. 333, 71 P. 655.

In the instant case the defendant E. W. Whitney did not deny the execution of the note, but pleaded as his defense the statute of limitations, and payment of the note. At the trial this defendant objected to the introduction of any evidence by the plaintiff for the reason

that the petition showed on its face that it was barred by the statute of limitations, and other reasons not pertinent to this proposition, and the court overruled the objection. At this time the defendant in open court asked leave to assume the burden of proof, in which the court acquiesced.

The defendant proceeded with his evidence on the defense of payment, but failed to offer any testimony as to his plea of limitations. This was tantamount to a waiver of this part of his defense, and must have been so regarded by the court and by the plaintiff, as he offered no testimony on this question in his rebuttal, in support of the allegations of his petition, which were sufficient, if proved, to toll the statute of limitations. Under these conditions the defendant will be deemed to have waived or abandoned the defense.

The defendant's last proposition, relating to admission of evidence relating to efforts to compromise, is without merit. The defendant himself introduced in evidence the record in a different case involving other comakers of the note, in which a statement was made that Whitney had offered to pay $1,000 on the note. This was not binding on Whitney in that action, and if prejudicial in this case, he introduced it himself and is not in a position to complain.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.