**Jim JONES, Petitioner,**

v.

**Elvin J. BROWN, District Judge, Cleveland County, 21st Judicial District, Respondent.**

**No. 46623.**

Supreme Court of Oklahoma.

July 31, 1973.

Jim Jones, Sallisaw, for petitioner.

James A. Bagley, Oklahoma City, for respondent.

HODGES, Justice:

This is an application to assume original jurisdiction and for a writ of prohibition against the respondent, Judge of the District Court of Cleveland County, to prevent further proceedings.

The question presented is one involving the interpretation of 12 O.S.1971, § 139, which provides:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; except actions against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. * * *."

On September 13, 1971, Jim Jones (Jones) executed a promissory note in the amount of $14,271.36 in favor of Farmers National Bank, Cordell, Oklahoma. His signature was the only one which appeared on the face of the note. The note showed on its reverse side that it was assigned to Nena Haskins, without recourse. No assignment date was given.

Ben Haskins Construction Company (Company) filed an action in Cleveland County to recover on the assigned note

after alleged default by Jones. Summons was issued to Jones by issuing summons to Sequoyah County, Oklahoma, for service by the Sequoyah County Sheriff who subsequently served Jones.

Jones filed motions objecting to venue and jurisdiction which were overruled. Jones then petitioned this court for a writ of prohibition. He alleged that proper venue lies in Sequoyah County under 12 O.S.1971, § 139.

The initial issue was whether the assignee of the original payee can properly bring an action in a county other than the county in which the original maker resides over the objection of the maker. After the application for the writ of prohibition was filed, the pleadings were amended to change the named party plaintiff to Nena Haskins d/b/a Ben Haskins Construction Company. The petition was amended alleging that Nena Haskins was a guarantor of the note and as such qualified as a maker of indebtedness under the statute which would entitle her to bring the action in Cleveland County, her place of residence.

■ The obvious purpose of this statute is to prevent fraudulent casting of venue by a payee who resides in a different county than the maker of the indebtedness. The statute is designed to preclude the payee from fixing transfer of the note to another in the county where payee resides and having the transferee file suit in that county, alleging joint liability of the maker and payee. Whitney v. Doyle, 195 Okl. 501, 502, 159 P.2d 237, 239 (1945).

■ Exceptions which authorize bringing of suits in a county other than that of the defendant's residence are to be strictly construed. The privilege of being sued in no other county than that where the maker resides is a valuable right. Statutes which permit a defendant to have certain actions tried in the county where he resides are remedial in nature and are to be liberally construed to the end that a defendant may not be unjustly deprived of his right. Hiner v. Hugh Breeding, Inc., Okl., 355 P.2d 549 (1960). See also Gulf Oil Company v. Woodson, Okl., 505 P.2d 484, 489 (1972).

It is provided by 12 O.S.1971, § 139 that an action on a note must be brought in the county in which the defendant resides, or may be summoned, except that actions against a maker of a note which has been assigned can only be brought in the county where the maker resides.

■ In the present case, the petitioner, Jones, is the maker of the note upon which the action is based. The note was assigned to Nena Haskins. Under the provisions of § 139, supra, the action on the note can only be filed in the county where the maker resides, which in this instance is Sequoyah County, Oklahoma. Even assuming arguendo, the plaintiff is a guarantor as plead in her amended petition, the action must be filed in the county where the maker of the note resides. As a guarantor she is not an original maker of the note as contemplated by the statute. We find the trial court erred in overruling the petitioner's objection to venue and jurisdiction in Cleveland County.

■ We assume jurisdiction. The writ of prohibition against Honorable Elvin J. Brown, District Judge of Cleveland County is granted and he is prohibited from undertaking further proceedings in the action now pending in his court.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, and SIMMS, JJ., concur.

Special Justice FLOYD L. JACKSON, on assignment by the Supreme Court served in the place of Justice JOHN B. DOOLIN.