**CUTSHALL et al. v. YATES.**

No. 14202—Opinion Filed Oct. 9, 1923.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

2. **Limitation of Actions—Recovery of Personalty.**

Under section 185, Comp. Stat. 1921, actions for the specific recovery of personal property are required to be brought within two years.

3. **Same—Defense to Replevin Action.**

Where the defendant in a replevin action introduces evidence to the effect that he has been in the open and notorious possession of the property involved therein for more than two years, prior to the filing of said action, it is reversible error

for the trial court to refuse to give instructions advising the jury that if they should so find, it would be their duty to return a verdict in favor of the defendant.

4. **Same—Concealing Property From Owner.**

The statute of limitations as to personal property held without authority or permission of the owner by a person who concealed or secreted it from the owner does not begin to run until he openly and notoriously holds it so that the owner may have a reasonable opportunity of knowing its whereabouts and of asserting his title.

Error from District Court, Caddo County; Cham Jones, Judge.

Action by Mrs. Nora Yates against George Cutshall and Ralph Cutshall. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Starkweather & Croy, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

MASON, J. This is an action in replevin, originally commenced on October 18, 1920, in the district court of Caddo county, by Mrs. Nora Yates, defendant in error, against George Cutshall and Ralph Cutshall, plaintiffs in error, to recover possession of one diamond ring and one diamond stud, or their value in the sum of $400 each. For convenience, the parties will hereinafter be referred to as they appeared in the trial court.

To the plaintiff's petition, each of the defendants filed a general denial, and the defendant George Cutshall further pleaded that he came into possession of said property described in the plaintiff's petition on or about the 1st day of December, 1916, and has ever since been in possession of same, and that the plaintiff's pretended cause of action is barred by the statute of limitations.

To the answer of the defendant George Cutshall, the plaintiff filed her amended reply, alleging that, if he had been in possession of said property for the length of time alleged in his answer, he obtained same from the plaintiff's husband, Ralph Cutshall, with full knowledge that it was the plaintiff's property; that the defendant George Cutshall fraudulently concealed from her his possession of the same; that the defendant Ralph Cutshall had practiced fraud on her in attempting to conceal possession of said property from her, and that the defendant George Cutshall induced the said Ralph Cutshall to so con-

ceal the possession of said property from the plaintiff.

The plaintiff further alleged that the first knowledge she had that George Cutshall had possession of said property, and was claiming title thereto, was within two years of the date of filing said action, and that the defendant George Cutshall was estopped from setting up the statute of limitations as a defense to her cause of action.

From a judgment rendered on a verdict of the jury in favor of the plaintiff for possession of said property, or its value in the sum of $800, the defendants appeal.

For reversal, plaintiffs in error first contend that there was not sufficient competent evidence offered in the cause by the plaintiff to enable her to recover against the defendants, and that it was insufficient to establish the ownership of said diamonds in the plaintiff and their possession in the defendant George Cutshall.

We cannot agree with this contention. Plaintiff's evidence was to the effect that she had purchased these diamonds and paid for them with her money, and that she did not give them to her husband, Ralph Cutshall, and had not parted with the ownership of said property in any manner, but that her husband had taken the diamonds from her and pawned them to his uncle, George Cutshall, the other defendant herein. This evidence, however, was contradicted by each of the defendants. The defendant Ralph Cutshall testified that the plaintiff had given both diamonds to him a short time after he and the plaintiff were married. The defendant George Cutshall testified, in substance, that he had redeemed said diamonds after Ralph Cutshall had pawned them, and that he was holding them because Ralph Cutshall was indebted to him.

He further contended that the plaintiff had given said property to him in consideration of the payment by him of certain debts of the plaintiff, all of which was emphatically denied by the testimony of the plaintiff. This evidence presented an issue of fact upon which the jury found in favor of the plaintiff, and inasmuch as there was competent evidence tending to support the verdict of the jury, it will not be disturbed on appeal. The rule is well established in this state that:

"In a civil action, triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or

its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal." Hapgood v. Vickery, 93 Okla.—, 217 Pac. 356; Lawton Refining Co. v. Hollister, 86 Okla. 13, 205 Pac. 506; Peoples Nat. Bank of Kingfisher v. Rickords, 85 Okla. 9, 204 Pac. 130; Harn v. Smith et al., 85 Okla. 137, 204 Pac. 642; Sand Springs Ry. Co. v. Smith, 84 Okla. 211, 203 Pac. 207.

For reversal, it is further assigned that the court erred in giving instructions 6, 7, and 8, but counsel for plaintiffs in error do not present any argument or cite any cases in their brief in support of this contention as to instructions 7 and 8, and we will therefore treat the objection thereto as waived.

Inasmuch as the next assignment of error is based upon the refusal of the trial court to give an instruction requested by the defendant George Cutshall, based upon the statute of limitations, we will discuss it together with the court's instruction No. 6 also based upon the statute of limitations. In instruction No. 6, the court instructed the jury, in substance, that, if they found that the defendant George Cutshall had been in possession of said diamonds for more than two years prior to the institution of the suit, and that he was claiming the same as his property, and this fact was known to the plaintiff, the plaintiff would not be entitled to recover. The instruction requested by the defendant George Cutshall which the court refused to give is as follows:

"You are instructed, gentlemen of the jury, that under the law, actions of this character must be brought within two years after the cause of action arose, and if you find and believe from the evidence that the defendant George Cutshall was in peaceable, open, and notorious possession of the property sued for herein for more than two years prior to October 8, 1920, the date on which this action was instituted, then your verdict should be for the defendant George Cutshall, and you should so find."

Under section 185, Comp. Okla. Stat. 1921, actions for the specific recovery of personal property are required to be brought within two years.

The principal difference between the instruction given by the court and the one requested by the defendant George Cutshall is the time that the statute commences to run. Under the instruction given, it would run from the time the plaintiff had knowledge of the possession of said property by the defendant; while, under the instruction

requested, it would run from the time the defendant came into the peaceable, open, and notorious possession of said property. In either event, the instruction given properly stated the law as to the inability of the plaintiff to recover; however, if the statute commences to run ·from the time the defendant came into the open and notorious possession of the property, the instruction given was prejudicial to the defendant and the court erred in refusing to give the instruction requested by the defendant.

In Shelby v. Shaner, 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621, this court held:

"The statute of limitations as to personal property, though stolen, when held in good faith for value, openly and notoriously, runs in favor of such adverse possession so as to bar a recovery by the true owner after the expiration of two years."

In McGehee v. Alexander, 33 Okla. 699, 127 Pac. 480, it is said:

"The statute of limitations * * * as to personal property stolen begins to run in favor of an innocent purchaser for value and against the true owner from the time the property is bought and taken possession of by the purchaser, and the bar falls when the same is by him held openly and notoriously for three years."

This last decision was under Mansfield's Digest, sec. 4478. The only difference between our statute and that found in Mansfield's Digest is that our statute is two years and the Arkansas statute is three years.

In Torrey v. Campbell, 73 Oklahoma, 175 Pac. 524, this court, in an opinion by Commissioner Davis, held as follows:

"When lost personal property, or personal property that has been stolen, is held in open and notorious possession by the party in whose possession it is found, for a period of 2 years from the date of the wrongful taking or wrongful possession, the right of action therefor by the original owner is barred by limitation."

Although contradicted by the plaintiff, the evidence of the defendant tended to show that he had been in the open and notorious possession of said diamonds since the 1st day of December, 1916, or more than two years prior to the filing of plaintiff's action herein, and under the cases above cited, we are of the opinion that instruction No. 6 given by the court did not properly state the law applicable to the defendant's evidence and his theory of the case, and that he was entitled to have the requested instruction given, and that the

trial court committed reversible error in refusing to give the same. In that event, however, the plaintiff, under the allegations of her amended reply, and the evidence in support thereof, would have been entitled to have the jury instructed that if they found that the defendant had possession of said diamonds for more than two years prior to the filing of this cause, and that the defendant had\ fraudulently conceded the possession of said property from the plaintiff for a period of time extending to within two years of the date of filing said cause, then the statute of limitations would not be a bar to the plaintiff's recovery. Chilton v. Carpenter, 78 Okla. 210, 189 Pac. 747. For the reasons stated, the judgment of the trial court is reversed, and the case remanded for a new trial.

JOHNSON, C. J., McNEILL. V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.