**HOODENPYL et al. v. CHAMPION et al.**

No. 12250—Opinion Filed April 1, 1924.

(Syllabus.)

1. **Appeal and Error—Necessity for Injury —Admission of Incompetent Evidence in Trial to Court.**

A judgment rendered in a cause heard without the intervention of a jury will not be reversed on account of the admission of incompetent evidence, unless the record discloses that there was no competent evidence to support it, or affirmatively shows, in some way, that the improper evidence affected the result.

2. **Same.**

Record examined, and held, that there was competent evidence reasonably tending to support the judgment, and it is not disclosed that the admission of incompetent evidence affected the result.

Error from District Court, Hughes County; Frank L. Warren, Special Judge.

Action by P. A. M. Hoodenpyl and another, against J. M. Champion and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

James M. Hays and P. A. M. Hoodenpyl, for plaintiffs in error.

George C. Crump, J. L. Skinner, and W. B. Toney, for defendants in error.

NICHOLSON, J. This was an action by the plaintiffs in error, as plaintiffs below, against the defendants in error, as defendants below, to recover the possession of, and to quiet the title to certain lands situated in Hughes county, and for damages in the sum of $500.

It is alleged in plaintiffs' petition that John Homer was a full-blood citizen of the Creek Nation, duly enrolled as such; that he died on or about the 13th day of May, 1899, before the selection of his allotment of land as such citizen; that in accordance with the provisions of section 28 of the act of Congress approved March 1, 1901, as amended by the act of Congress approved June 30, 1902, the Commission to the Five Civilized Tribes selected for the heirs of John Homer, deceased, the land involved, and that said land was conveyed to the heirs of John Homer, deceased, by patent from the Principal Chief of the Creek Nation.

It was further alleged that at the time of the death of John Homer, the law of descent and distribution of the Creek Nation was in force and effect; that section 6 of said law reads as follows:

"Be it further enacted, that if any person die without a will, having property and children, the property shall be equally divided among the children by disinterested persons and in all cases where there are no children, the nearest relation shall inherit the property."

That said John Homer died intestate without issue, never having been married, in what is now Hughes county, leaving surviving him as his sole heir at law Hannah Davis, a sister, she being the nearest relation of said John Homer at the time of his death; that said Hannah Davis died intestate, leaving as her only heirs at law her children, Alex Davis, Sam Davis, and Martin Davis; that Alex Davis died intestate, on or about the 17th day of August, 1907, leaving surviving him as his sole heirs at law, three children, viz.: George Davis, one of the plaintiffs herein, Addie Davis, one of the defendants, and Josiah Davis. It was further alleged that the land involved passed by inheritance as follows: To Sam Davis, an undivided one-third; to Martin Davis, an undivided one-third, and to George Davis, Addie Davis, and Josiah Davis, children of Alex Davis, each an undivided one-ninth interest; that on the 26th day of July, 1915, George Davis conveyed to the plaintiff Hoodenpyl, by warranty deed, all of his right, title, and interest in and to said land, and that the plaintiff Hoodenpyl is the owner of said interest, and entitled to the immediate possession thereof; that the de-

fendant Champion is unlawfully and wrongfully withholding the possession of said land from the plaintiffs, to their damage in the sum of $500; and prayed judgment for the possession of the undivided one-ninth of said land, and for damages in the sum of $500, and further prayed that the interest of George Davis in and to said land be decreed to be one-ninth thereof; that the same be set apart to said Hoodenpyl; that the claim of the defendant Champion, in so far as it may affect the title to said one-ninth interest, be held for naught and removed as a cloud upon the title of said Hoodenpyl; and that commissioners be appointed to make partition of said lands.

Afterwards, an amended petition was filed, making one V. V. Harris a party defendant, and praying that a mortgage held by him be canceled in so far as the same affects the title to said one-ninth interest.

The defendant Champion filed answer and cross-petition, in which, after denying all the allegations in said petition contained, except such thereof as were expressly admitted, he admitted that the land involved was selected for, and allotted to the heirs of John Homer, deceased, a full-blood Creek citizen; that said Homer died intestate, unmarried, and without issue, before he had selected his allotment; that the law of descent and distribution of the Creek Nation was in force at the time of the death of said John Homer; that George Davis and Addie Davis were heirs of said John Homer, deceased, but specifically denied that they inherited a one-ninth interest each in said land, and denied that Hannah Davis was the nearest relation to the said John Homer at the time of his death, or that Alex Davis, Sam Davis, and Martin Davis each took a one-third of said lands, or that George Davis, Addie Davis, and Josiah Davis took a one-ninth interest each at the time of the death of Alex Davis, and pleaded affirmatively that in probate case No. 391, in the county court of Hughes county, entitled, "In the Matter of the Estate of John Homer, Deceased," the administrator of said estate, did, on the 19th day of March, 1913, file his final report and petition for distribution of said estate, and that on the 7th day of April, 1913, a final decree of distribution was made and entered by the county court in said cause, which final decree found and decreed who the heirs of said John Homer were, and the portion of his estate each should inherit; that under said final decree, the plaintiff George Davis was declared to be an heir and the part of the estate to which he was entitled was decreed to be a two-ninetieths or one-forty-fifth thereof, and said Addie Davis was decreed to be entitled to a like interest. A

copy of said decree was attached to the answer and cross-petition as exhibits.

It was further averred that the defendant Champion was the owner of the undivided forty-three- forty-fifths of said land; that Addie Davis owned an undivided one-forty-fifth, and said plaintiff Hoodenpyl owned an undivided one-forty-fifth thereof; that George Davis had no interest in said land, having conveyed his interest therein to the plaintiff Hoodenpyl; and prayed that the defendant Champion be decreed to be the owner of the undivided forty-three-forty-fifths of said land, and that the land be partitioned among the owners.

The plaintiffs moved to strike that part of the answer and cross-petition pleading the decree of distribution made by the county court, and also a portion of said answer and cross-petition pleading a former judgment of the district court of Hughes county. This motion was by the court overruled, whereupon a reply was filed by which all the allegations in the answer and cross-petition were denied, except those which were not inconsistent with the allegations of the petition, and in which it was specifically denied that any of the persons named in said decree of distribution were the heirs of John Homer, deceased; and denied that the county court of Hughes county had jurisdiction to make said decree of distribution or determine the heirs of John Homer, deceased. Upon the issues thus presented, a trial was had to the court, without the intervention of a jury, and judgment rendered for the defendant. The court finding and decreeing that the plaintiff Hoodenpyl owned an undivided one-forty-fifth interest, the defendant Addie Davis an undivided one-forty-fifth interest, and that the defendant Champion owned the undivided forty-three- forty - fifths interest in said land, and that the plaintiff was entitled to recover the sum of $43 as rent, subject to a credit of one-forty-fifth of taxes paid during the years 1917, 1918, and 1919, amounting to $233.51. From this judgment the plaintiffs have appealed.

The only controversy presented is as to the extent of the interest in the land inherited by George Davis, and now owned by Hoodenpyl, and the amount of rents to which the plaintiffs are entitled.

Complaint is made of the action of the trial court in admitting in evidence the decree of distribution made and entered by the county court of Hughes county in the matter of the estate of John Homer, deceased.

It is admitted that John Homer was a full-blood Indian; that he died before selecting his allotment, and that the land involved was allotted to his heirs. The decree of distri-

bution does not purport to distribute any estate other than the allotted land, and as this land was not an asset in the hands of an administrator, and was not subject to sale for the payment of debts of the deceased, the county court was without jurisdiction or power to determine the rights of the heirs or to make the decree of distribution, and such decree in so far as it purports to distribute and set aside said land to the heirs and their grantees is a nullity. Cowokochee v. Chapman et al., 90 Okla. 121, 215 Pac. 759; Barnard v. Bilby, 68 Okla. 46, 171 Pac. 444. Therefore, the court erred in overruling the plaintiffs' motion to strike said decree of distribution from the answer and cross-petition, and in admitting it in evidence, but this does not necessarily require a reversal of the cause, if, after eliminating such decree, there remains sufficient competent evidence to reasonably support the judgment, unless it affirmatively appears from the record that the admission of such incompetent evidence affected the result. Stone v. Spencer, 79 Okla. 85, 191 Pac. 197.

The plaintiffs' contend that George Davis inherited a one-ninth interest in the land, and to support this contention offered testimony tending to prove that Homer Cornells was the father and Sophia Cornells the mother of John Homer; that John Homer had a brother Alex and a sister Hannah; that Alex died without issue prior to the death of John Homer; that Hannah married Tom Davis; that they were the parents of Alex Davis, the father of the plaintiff George Davis, and Addie Davis, one of the defendants, and Josiah Davis.

To controvert this testimony, the defendants introduced testimony tending to prove that old man Homer was the father and Lizzie McGirt was the mother of John Homer; that John Homer had no brother or sister and that his nearest relative at the time of his death was Rachel Reed and Mary McGirt, aunts, and Daniel McGirt and Alex McGirt, uncles; that they had since died, leaving as their heirs certain of the grantees in the deeds to Champion, through whom he claims.

It will be observed that the evidence is conflicting, none of it very satisfactory or convincing, but the trial judge heard the witnesses, and was in a position to judge of their credulity. He found against the plaintiff, and as there is competent evidence reasonably tending to support such finding, regardless of the decree of distribution erroneously admitted in evidence, and it not being disclosed by the record that the improper evidence affected the result, the judgment will not be disturbed.

The judgment is affirmed.

JOHNSON, C. J., and COCHRAN, HARRISON, and MASON, JJ., concur.