## BILLINGSLEA et al. v. WHITELOCK et al.

No. 14934—Opinion Filed March 31. 1925.

Rehearing Denied Oct. 27, 1925.

**1. Limitation of Actions—Tolling Statute —Discovery of Fraud Prevented by Other Party.**

Under paragraph 3 of section 185, Comp. Stat. 1921, providing that where relief is sought on the ground of fraud, the cause shall not be deemed to have accrued until the discovery of the fraud, an action brought more than two years from the time the alleged fraud was committed is not barred where the defrauded party has been tolled along and prevented from discovering the fraud by the representations and statements of the other party.

**2. Contracts—Weights of Grain at Destination—Vendee Bound for Failure to Verify.**

Where vendees of a shipment of grain accepted the weights of, and paid freight to, the carrier at the place of destination provided in the contract of purchase, without themselves reweighing or otherwise verifying such weights, they are bound thereby.

**3. Disposition of Cause.**

Record examined, and held, that the finding and judgment of the court in favor of plaintiffs on the issues of fraud and the terms of the contract are supported by the sufficient quantum of evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by C. L. Whitelock et al. against E. O. Billingslea et al. Judgment for plaintiffs. Defendants appeal. Affirmed.

P. Mounts, W. H. Hussey, and Herman S. Davis, for plaintiffs in error.

Wilson & Roe, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in, the trial court, inverse to their order here. On July 8, 1919, C. L. Whitelock and A. H. Holloman, copartners, by parol, sold defendants, E. O. Billingslea and Frank Parker, copartners, two car loads of wheat at $2.04½. On same day, defendants mailed plaintiffs their written confirmation of the purchase providing, among other things, that the wheat was to be delivered at Enid; and "final destination, weights and grades to be basis of final settlement and to be binding upon parties"; and "right reserved to change destination of shipment in transit"; that draft with bill of lading should be drawn upon defendants for purchase price, reserving sufficient margin to guarantee weights and grades, and contract considered made and to be performed at Frederick, the shipping point. The court found that the provision for defendants to change destination of the cars in transit was stricken from the contract. According to their weights, plaintiffs loaded the first car with 88,180 pounds and the second with 87,400 pounds, billing same to defendants at Enid, with sight drafts, less about $30 per car margin for any shortage. On or before receiving same, defendants resold the wheat to the Enid Milling Company. There is evidence tending to show that when the wheat arrived at Enid it was either reweighed by Enid Milling Company or the railroad company, or that defendants accepted the weights of plaintiffs and agreed with the railroad company thereto and paid freight accordingly. The Enid Milling Company resold both cars, shipping one to Kansas and the other to Louisiana. Plaintiffs alleged that the deductions from their sight drafts on margins allowed for the two cars more than covered the small loss in weight between Frederick and Enid; that according to the rules and custom of the trade and of the Oklahoma Grain Dealers Association, of which both parties were members, defendants became liable for said wheat at the said agreed weights, or the weights at the point of shipment; that defendants, while knowing that there had been no loss of weight, except such as was more than covered by said margins, falsely and fraudulently represented to plaintiffs that one car contained only 72,720 pounds when it reached Enid, and the other, only 62,680 pounds. Plaintiffs averred other essentials for recovery on the grounds of fraud, and that, believing and relying upon said representations, they repaid to defendants, on the two cars, $1,380.57, praying judgment therefor, together with six per cent. interest from September 1, 1919. Jury being waived, the court rendered judgment for plaintiffs according to their prayer, from which defendants prosecute error. The numerous assignments are argued under the propositions herein disposed of.

1. The alleged fraud having been perpetrated about September 6, 1919, plaintiffs alleged that they did not know that said representations were false until sometime during the year 1921, and soon thereafter made demand and brought this suit, filing same more than two years after September 6, 1919. Section 185, Comp. Stat. 1921, being the two years' statute of limitations for recovery on the ground of fraud, provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud. The record shows that the Enid Milling Company submitted to defendants the account sales and certificate of weight for each car after the company had delivered same in Kansas and Louisiana, the weights being those last stated. Defendants furnished plaintiffs with expense bills showing the weight of each car when received in Kansas and Louisiana, respectively, being said short weights, and drew two drafts on plaintiffs covering the shortage and aggregating the amount sued for. Plaintiffs refused to pay same because defendants had failed to furnish plaintiffs with the expense bills showing the weights of the wheat and freight paid at Enid, thus showing that the loss had occurred in transit from Frederick to Enid, rather than in transit from Enid to Kansas and Louisiana. Plaintiffs testified that defendants told plaintiffs that the Enid weights would show the same as the Kansas and Louisiana weights; that the Enid Milling Company had so informed the defendants; that if plaintiffs would pay the amount demanded, defendants would guarantee that the Enid weights were the same as said other weights, and, if not so, repay plaintiffs; that if plaintiffs would so pay, defendants would procure the Enid expense bills and if they did not so show, would repay plaintiffs; that relying on such representations, plaintiffs paid the alleged shortage on one car; that the shortage claimed on the other car was so great that plaintiffs still refused to make good the amount claimed by defendants; that on the earnest solicitation of defendants and their reiteration of the promise to produce the Enid expense bills and to refund to plaintiffs if same did not correspond with the shortage weights, plaintiffs paid the amount claimed as shortage on the other car; that defendants would not and

never did produce the Enid expense bills; that defendants, after plaintiffs had so relied and waited many months, advised plaintiffs that defendants had their money and would have nothing more to do with the matter; that thereupon plaintiffs procured the information from the railroad company and Enid Milling Company that the latter had receipted for and paid freight upon the full amount of wheat claimed to have been shipped by plaintiffs. The finding of the court that plaintiffs did not discover the fraud more than two years prior to the filing of this action is not clearly against the weight of the evidence, and, therefore, under the well-known rule, the judgment cannot be disturbed in this behalf. As stated in Marbourg v. McCormick et al., 23 Kan. 38, discovery of the fraud as used in said statute—

"Implies knowledge, and is not satisfied by mere suspicion of wrong. The suspicion may be such as to call for further investigation, but is not of itself a discovery. A party, even though his suspicions have been aroused, may well be lulled into confidence, and take no action by such representations as were made. And it would be strange if a party who had disarmed suspicions by his representations could thereafter plead those suspicions as ground for immediate inquiry and action."

See, also, 25 Cyc. 1192. While plaintiffs could have obtained the Enid weights or expense bills themselves, they were tolled along by the promises of defendants to produce same. Under the facts of this case, defendants were in better position to produce same because the wheat was shipped to them at Enid and it was they who were to pay the freight. Volumes of business in the commercial world are transacted every day in reliance upon such statements of business men. Indeed, the foundations of commerce would be imperiled otherwise. Defendants cannot complain that plaintiffs relied too strongly on their promises to produce the expense bills and thereby invoke the statute of limitations against plaintiffs. Nor were plaintiffs bound by constructive notice of the records of the railroad company at Enid or by the records of the Enid Milling Company, for these were not public records in any such legal sense as to give constructive notice to plaintiffs.

2. Defendants contend that Kansas and Louisiana were the final destination of said shipments and that the weights at those termini were binding upon plaintiffs under their contract. There was ample evidence to support the finding of the court that plaintiffs obliterated from the confirmation order, and so notified the defendants before shipments were made, the provision authorizing defendants to change destination of the cars in transit. Enid was, therefore, the final destination of said cars so far as plaintiffs were concerned. The final destination weights and grades provided as a basis for final settlement in the contract, were those of Enid. The cars were rebilled at Enid, and no fair construction of the contract would hold plaintiffs to shortage that might have occurred under numerous and distant shipments that might have been made according to the contention of defendants. Likewise, the other contention is without merit, that plaintiffs are not entitled to recover because the evidence shows that the shortage occurred in transit from Frederick to Enid. The court found that no shortage occurred in such transit except such small amount as was covered by said margin. This was a question of fact. The agent of the railroad company at Enid testified that according to his records, the weights claimed by plaintiffs were shown and arrived at either by weighing the cars or were authorized by the Enid Milling Company through its scaling. Under the familiar rule, the judgment cannot here be disturbed in this behalf. Defendants, by the contract, having purchased the wheat on the Enid destination weights, and having accepted the same on the railroad weights at Enid, without reweighing or otherwise verifying such weights, are bound thereby. The judgment should be affirmed. Proper showing having made by plaintiffs, judgment should also be rendered on the supersedeas bond herein. It is therefore further ordered and adjudged that the plaintiffs, C. L. Whitelock and A. H. Hollman, copartners, do have and recover of and from United States Fidelity & Guaranty Company, surety on the supersedeas bond herein, the sum of $1,380.57, together with interest thereon from 26th day of May, 1923, at the rate of six per cent. per annum until paid, and costs, and for all of which let execution issue.

By the Court: It is so ordered.