## CLOVER, Adm'x, v. NEELY.

No. 16199—Opinion Filed Feb. 2, 1926.

**1. Evidence—Admissibility of Entries in Books of Account.**

Entries in books of account are admissible in evidence upon proof that they were made in the usual course of business of the person, firm, or corporation whose accounts are in question.

**2. Appeal and Error—Harmless Error—Admission of Evidence.**

The admission of incompetent evidence by the trial court will not warrant reversal of a judgment supported by competent evidence, unless the Supreme Court can say, upon an examination of the entire record, that a miscarriage of justice has probably resulted, or a statutory or constitutional right of the complaining party has been violated.

**3. Limitation of Actions—Effect of Concealment of Fraud.**

Under paragraph 3 of section 185, Comp. Stats. 1921, providing that where relief is sought on the ground of fraud, the cause shall not be deemed to have accrued until the discovery of the fraud, an action brought more than two years from the time the alleged fraud was committed is not barred where the defrauded party has been tolled along and prevented from discovering the fraud by the representations and statements of the other party.

**4. Same—Facts a Matter of Public Record—Constructive Discovery of Fraud.**

When a relation of trust or confidence exists, making it the duty of defrauder in the trust capacity to disclose the true state of facts, the defrauded party is not charged with constructive discovery of the fraud on account of the facts being a matter of public record.

**5. Executors and Administrators—Presentation of Claims as Prerequisite to Suit-Claim Arising from Tort.**

A claim arising on contract must be presented to the administrator for allowance or rejection before suit can be maintained thereon, but not so where the claim arises in tort or other wrongful act of the deceased.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; James I. Phelps, Assigned Judge.

Action by M. L. Neely against Goldie R. Clover, administratrix of the estate of John M. Clover, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

C. R. Thurlwell and N. E. McNeill, for plaintiff in error.

Humphrey & Campbell, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Tulsa county, by M. L. Neely, defendant in error, plaintiff below, against Goldie R. Clover, administratrix of the estate of John M. Clover, deceased, plaintiff in error, defendant below, to recover the sum of $1,250 with interest from June 6, 1918. Parties will be referred to as plaintiff and defendant as they appeared in the lower court.

It is claimed by plaintiff in his petition that he was the owner of a one-fourth interest in the Iona Drilling Company, organized under the laws of the state of Ohio, with a capital stock of $10,000, and that John M. Clover, S. C. Clover, and F. M. Neely each owned a one-fourth interest; that John M. Clover, in his lifetime, was the president and business manager of said company; that on the 6th day of June, 1918, the said John M. Clover was issued a check for $5,000 as a 200 per cent. dividend on his proportionate share of the stock, and that the plaintiff, M. L. Neely, did not receive any dividend or any money upon the dividend, and that one-fourth of said $5,000, drawn by the said John M. Clover, belonged to him by virtue of his one-fourth interest in said company; that the said corporation was dissolved under the laws of the state of Ohio on the 17th day of May, 1920, and the business of the corporation wound up, and that the said John M. Clover, having charge of the books of the company and in full control of its business, made no disclosure of the wrongful conversion of the said $5,000, and that the first knowledge the plaintiff had that the said $5,000 had been converted by the said John M. Clover was when the government inspector disclosed to him that he was indebted to the government upon his income tax on the amount of this dividend declared by the company, which disclosure was made to him for the first time on the 11th day of April, 1923; that sometime prior thereto, in November or December, 1920, John M. Clover died, and his wife, Goldie R. Clover, was appointed administratrix of the estate; that immediately after he learned that John M. Clover had taken the $5,000 out of the treasury of the company, he made demand on the administratrix to pay over to him his one-fourth interest therein, which was refused, and this action was thereafter filed.

The defendant answered by way of general denial that the claim was barred by the statutes of limitation of three years, and that no claim had ever been presented to the administratrix for the allowance within the time provided by law for giving notice to creditors. The case was tried to the court without the intervention of a jury, the jury being specially waived, and resulted in a judgment for the plaintiff in the sum of $1,721.25, amount of the principal sum and interest, with interest thereon at six. per cent. from the 19th day of September, 1924, from which judgment the defendant appeals to this court for review.

Attorneys for defendant assign five grounds of error in their brief, but content themselves in presenting the same under three heads: First, that the books were not properly identified, and it was error in the trial court to permit the same to be introduced in evidence; second, that the plaintiff's claim is barred by the statutes of limitation; and, third, that the plaintiff's claim is barred for the reason that no claim was ever filed with the administratrix, as required by law.

Upon a review of the entire evidence in this case, we find that the books of the Iona Drilling Company, referred to, were identified by S. C. Clover, M. L. Neely, and A. J. Inderredien, and the handwritings of the bookkeepers, who made the entries, were identified, and the attorneys for both sides used said books in the examination and cross-examination of the witnesses, and attorneys for the defendant had an expert accountant to examine the books and introduced him and examined him in regard thereto. The books, themselves, were never introduced, but certain items of entry therein were examined, and witnesses testified from the books as to these several items. While it is true that it was never shown by the plaintiff that the bookkeepers, who made the entries inquired about, were not in the reach of the process of the court, yet, in our judgment, there was and there is no dispute that they were the books of the company. Attorneys for defendant, in their brief, contend that it was error for the court to allow the books to be introduced under such circumstances. Section 653, Comp. Stats. 1921, is as follows:

"Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the

transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence irom the county, or upon proof that the same were made in the usual course of business."

And the contention of the attorneys might be, under some circumstances, available for reversal of a cause, did not the last part of the above-quoted section use this language:

"* * * Or upon proof that the same were made in the usual course of business"

—which was added to the statute in the 1910 Revision of the Laws of Oklahoma, and this court in the very recent case of Hemisphere Oil & Gas Co. v. Oil Well Supply Co. et al., 104 Okla. 83, 230 Pac. 245, held:

"Entries in books of account are admissible in evidence upon proof that they were made in the usual course of business of the person, firm, or corporation whose accounts are in question."

And further on it is said:

"We think the phrase, 'in the usual course of business,' means in the usual course of business of the person, firm, or corporation whose accounts are in question. Whether the system of accounting adopted and used by the person whose accounts are in question is perfect or imperfect is not material"

—and further holds that that is not the question, but this only goes to the weight and value of the evidence after being admitted: and cites the case of Navarre v. Honea, 41 Okla. 480, 139 Pac. 310. Under the authority of the above case, we are of the opinion that it was admissible to use the books in the manner they were used in this case, and they were sufficiently identified as the books of the company sufficient for the purposes for which they were used.

There can be no question but that John M. Clover got the benefit of the $5,000, which was used and invested by him and his brother in the Knamona Zinc Company, in which the plaintiff had no interest, and independent of the books, the record shows that the check, itself, was introduced in evidence, which is as follows:

"The Iona Drilling Company, 407-15 Unity Building, Tulsa, Okla. Voucher No. 6595. Treas. No. 8774. Date issued June 6, 1918. Pay to the order of J. M. Clover, Tulsa, Okla.. Dollars 5 000 Cents 00 ——— $5.000 and 00 Cts. S. C. Clover, Vice President. Approved for payment and countersigned: H. F. Rethman. Cashier. Payable at the Commercial National Bank. Independence. Kansas. 83-52. No good unless signed and countersigned. Payable at par in Kansas City or New York Exchange. Voucher check. The Iona Drilling Company 407-415 Unity Building, Tulsa, Okla. To J. M.

Clover, Dr. Address, Tulsa, Okla. If not correct return to 407-415 Unity Building and explain difference. 1918 June 6—for 200% dividend on 50 shares of stock $5,000. Ex'd and ent'd H. G. L. Correct E. W. H. Approved H. F. R. Cashier.

Perforated on the face of said instrument appears:

"PAID 6x8x18."

Indorsed on said instrument appears:

"Make indorsements below. The indorsement of this check must be technically correct and is a full receipt for the account as stated herein. For· deposit only to the credit of J. M. Clover, H."

There is evidence independent of the books, as testified to by his brother, S. C. Clover, which showed that John M. Clover got the benefit of this check, and that the plaintiff, M. L. Neely, did not participate therein and was never given a like amount from the treasury of the company to correspond to this amount wrongfully appropriated by John M. Clover, and the check, itself, shows the following: "For deposit only to the credit of J. M. Clover." It was also shown by the testimony of S. C. Clover, brother of John M. Clover, that he received a like amount at the same time and that when demand was made on him by the plaintiff in this case and his brother, he made restitution to them in the sum of $2,-500. The plaintiff, himself, testified that he received no money on this account. So, independently of the books, we are forced to conclude that there was sufficient evidence to justify the judgment of the court that John M. Clover, in his lifetime, wrongfully appropriated the $5,000 to his own use and benefit, and that the plaintiff in this case was entitled to one-fourth of the amount so appropriated with interest thereon from the date of the appropriation.

This court has repeatedly held that the admission of incompetent evidence by the trial court will not warrant a reversal of a judgment, which is supported by other competent evidence, and especially so where the case is heard by the court without the intervention of a jury. Corder v. Purcell, 50 Okla. 771, 151 Pac. 482; Hoodenpyl et al. v. Champion et al., 101 Okla. 239, 225 Pac. 160; M., K. & T. Ry. Co. v. Elliott, 102 Fed. 96.

The question as to when the statute of limitation began to run must be determined by the peculiar facts and circumstances of this case. The record shows that the Iona Drilling Company was a close corporation owned by the two Clover brothers and the two Neely brothers, the Clover brothers be-

ing first cousins of the Neely brothers; that the plaintiff, M. L. Neely, lived in California; that John M. Clover was president and had full charge and control of the business of the corporation, and had charge of the books of the corporation, and that he wrongfully appropriated this $5,000, belonging to the corporation, to his own use, under the guise of a 200 per cent. dividend, and occupying the fiduciary relation to the plaintiff in this case, it was his duty to have disclosed this fact when the corporation was dissolved and the business affairs settled up among the stockholders. This he did not do. By virtue of his position, he was charged with the duty of acting with the utmost good faith, toward the plaintiff, and his appropriation of the $5,000 and withholding the information of this act from the plaintiff in this case constitutes a legal fraud. While it is true that this item appeared in the books of the company, yet the books of the company were not presented, and this amount was not accounted for when the stockholders met in Ohio for the purpose of dissolving the corporation, and the first time the plaintiff knew of the state of affairs was when the income tax inspector brought it to his attention, which was on the 11th day of April, 1923, and this action was filed on the 28th day of September, 1923. thereafter. The third paragraph of section 185, Comp. Stats. 1921, among other things, provides:

"* * * An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

It is seriously contended by attorneys for defendant that the books of the Iona Drilling Company were in the keeping of the Iron Mountain Oil Company after the death of John M. Clover, to which the plaintiff had access, and that by the exercise of due diligence in examining said books,, he could have discovered the entry, showing the appropriation of the $5,000 by John M. Clover, but the Iona Drilling Corporation had already been dissolved several months before the death of John M. Clover, and plaintiff had a right to rely and did rely upon the belief that John M. Clover, as president of the company, had accounted to the stockholders at the time of the dissolution for all the property belonging to the corporation. As was said by this court in the case of Billingslea et al. v. Whitlock, 112 Okla. 192, 240 Pac. 722:

"Under paragraph 3 of section 185. Comp. Stat. 1921, providing that where relief is sought on the ground of fraud, the cause shall not be deemed to have accrued until the discovery of the fraud, an action brought more than two years from the time the alleged fraud was committed is not barred where the defrauded party has been tolled along and prevented from discovering the fraud by the representations and statements of the other party."

In the case of Farmers State Bank of Ada v. Keen et al., 66 Okla. 62, 167 Pac. 207, this court said: /

"When a relation of trust or confidence exists, making it the duty of defrauder in the trust capacity to disclose the true state of facts, the defrauded party is not charged with constructive discovery of the fraud on account of the facts being a matter of public record."

The above case cites the case of Duffit v. Tuhan, 28 Kan. 293, which is to the same effect.

In the case of Cutchall et al. v. Yates, 95 Okla. 277, 219 Pac. 343, it was held that the person perpetrating the fraud must hold the personal property openly and notoriously so that the owner may have reasonable opportunity of knowing its whereabouts and of asserting his title. There are many cases in this and other jurisdictions that hold that a party occupying a trust relation is charged with the duty of disclosing a wrongful appropriation of property in his hands by himself to the parties in interest, and this was not done by John M. Clover in this case, and, under such circumstances, we are forced to conclude that the statute of limitation did not begin to run against the plaintiff's claim until the 11th day of April, 1923.

Upon the last proposition the plaintiff having dismissed from his petition all allegations founded upon the trust theory of recovery and based his right of recovery exclusively on one of conversion, we are forced to conclude that his right of action is not barred because he failed to present his claim to the administratrix within the statutory time provided for presentation of claims against an estate, as is required of claims founded upon contract. In the case of Am. Trust Co. v. Chitty, 36 Okla. 479, 129 Pac. 51, this court laid down the rule as follows:

"A claim arising on contract must be presented to the administrator for allowance or rejection before suit can be maintained thereon, but not so where the claim arises in tort or other wrongful act of the deceased."

To the same effect are the cases of Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317; Jones v. Woodward, 50 Okla. 704, 151 Pac. 586.

Under the facts and circumstances of this case and under the statutes and decisions above cited and referred to, we are clearly of the opinion that the judgment of the lower court was correct, and that it should be and it is hereby affirmed.

By the Court: It is so ordered.