## LELAND et al. v. OKLAHOMA CONST. CO.

No. 22451.    March 3, 1936.

Woodard & Westhafer and Hess Crossland, for plaintiffs in error.

Maurice E. Ellison, Whit Y. Mauzy, and James B. Coppedge, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the lower court, defendant in error being plaintiff and the plaintiffs in error defendants.

The plaintiff instituted this action to recover from defendant H. R. Leland $4,628.83, the balance it claimed due for the construction of a building for said defendant, and for foreclosure of contractor's lien on certain real estate and improvements owned by said defendant. The other parties were joined as defendants because they claimed some interest in the property which plaintiff alleged was junior to its lien. Defendant Leland answered, denying that he was indebted to plaintiff in any amount, and alleged overpayment of $429.22, for which amount he prayed judgment against plaintiff.

Upon a trial of issues the court found for plaintiff and rendered judgment for the sum of $1,633.90 and $500 attorney's fees and decreed a foreclosure of plaintiff's lien for such amount. Defendants have perfected this appeal from the judgment, and assign two grounds for reversal, the first being that the trial court committed error in admitting incompetent and immaterial evidence on the part of plaintiff over defendants' objection. In support of this assignment defendants contend that plaintiff was permitted to introduce parol evidence to vary the terms of a written contract; that plaintiff alleged in the petition that the contract was for $26,200 for the construction of the building, when the contract, which was attached to the petition as an exhibit, showed that the consideration was $27,500. The evidence complained of was the testimony of plaintiff's witnesses that when Mr. Schlegel signed the contract as president of plaintiff corporation it contained the figures $26,200, and that the figures $27,500 were written over the other figures, and the contract thus changed after it was executed by plaintiff, and without plaintiff's knowledge or consent. Defendant further contends that the contract specified the Fabry plans and specifications, and the court permitted testimony with reference to so-called Sublett plans, thus varying the terms of a written contract by parol evidence.

We think there is no merit in this assignment of error. Certainly it was competent for plaintiff to testify that the consideration specified in the contract when if signed it was $26,200, and that the sum of $27,500 was written over these figures after it had executed the contract, and that the change was made without its knowledge or consent. Such evidence was not testimony to vary the terms of a written contract by oral evidence, but went to establish what, in fact, the true contract was. Furthermore, this case was tried to the court without a jury, and the error in admitting this testimony, if any was committed, was harmless, because the court expressly found that the contract price was as claimed by the defendant, $27,500. Therefore, there was no error prejudicial to defendants in this regard.

In the case of Clover v. Neely, 116 Okla. 155, 243 P. 758, it is held:

"The admission of incompetent evidence by the trial court will not warrant the reversal of a judgment supported by competent evidence, unless the Supreme Court can say, upon an examination of the entire record, that a miscarriage of justice has probably resulted, or a statutory or constitutional right of the complaining party has been violated."

With reference to the defendant's contention that error was committed in permitting evidence of the Sublett plans, we think the defendant has overlooked the testimony of plaintiff as to which set of plans the building was constructed by. It is true that some of the witnesses for plaintiff testified that the parties first considered constructing a building to cost $25,000 and that Mr. Sublett drew his plans for such a building; that the $25,000 building was abandoned, and defendant argues from this that the Sublett plans were likewise abandoned. However, plaintiff's evidence was that the Sublett plans were the only ones in existence when the contract was signed, and that the Fabry plans were not completed and delivered to the construction superintendent until after the excavation had already started. Mr. Sublett, who was construction superintendent for plaintiff, testified that the plans known as the Sublett plans were the basic plans for the construction of the building, and that Fabry's plans were made up from them with certain variations and additions. The evidence showed that there were several other sets of plans given Sublett as the construction of the building progressed. In fact, there seemed to be no final and complete set of plans for the construction of this building until after it was practically completed.

In view of these facts, we are of the opin-

ion that testimony as to the Sublett plans was competent.

Defendant's second contention is that the judgment of the court allowing plaintiff recovery in the amount of $1,633.90 for extras was against the weight of the evidence. The court found that defendant admitted extras in the sum of $6,905.92; of the disputed extras the trial court allowed some and disallowed others.

We have carefully read all the testimony in this case, and it would be useless to attempt to set out all the testimony supporting the trial court's finding. Suffice it to say that Mr. Sublett, the construction superintendent of plaintiff, testified in detail with reference to each item of extras allowed by the trial court, and his evidence was that they were extras ordered to be made or installed in the building by defendant, and that they were actually put into the building. Defendant Leland denied that such items were extras, and with reference to several of them he testified that they were not extras because they were covered by the contract. There was clearly a sharp conflict of testimony with reference to various items, and there is ample evidence in the record to sustain the finding and judgment of the trial court. We cannot say that the judgment is against the clear weight of the evidence. It is well established that in an equity suit Supreme Court may not set aside findings unless it appears from the entire record that they are clearly against the weight of evidence. Moorman et al. v. Pettit, 119 Okla. 22, 248 P. 838.

Defendants finally contend that the court erred in not allowing them certain credits to which they claim to be entitled. We find no merit in this contention.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Robert D. Crowe, J. Berry King, and Edward Hirsh in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Crowe and approved by Mr. King and Mr. Hirsh, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., disqualified.